■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY LEE SANDERS, Also Known as MICKEY LOVE, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered January 25, 1984, upon a verdict convicting defendant of two counts of the crime of promoting prostitution in the second degree.

An Albany County Grand Jury indicted defendant for two counts of promoting prostitution in the second degree and one count of coercion in the first degree. The acts of prostitution were alleged to have occurred in July and August of 1983 at two motels in Albany County. At the time of his arrest, defendant gave an inculpatory written statement to the Albany City Police which he subsequently sought to suppress, claiming that it had been taken in violation of his right to counsel. At the suppression hearing which followed, the testimony revealed that defendant, after receiving *Miranda* warn-

ings, stated that he had no attorney representing him on a prior pending offense, of which the police were aware, of promoting prostitution in the fourth degree. County Court denied defendant's motion to suppress inculpatory statements.

At trial, the People's primary witness testified that while she and defendant were residing in Schenectady County, defendant forced her to engage in acts of prostitution, several of which took place in Albany County motels. On those occasions, the male customers drove her from Schenectady County to the motel and later returned her to Schenectady County, where she then turned the proceeds over to defendant. At the close of the People's case, defense counsel moved for a trial order of dismissal on the ground that Albany County did not have geographic jurisdiction over defendant. That application was denied, after which the jury convicted defendant of two counts of promoting prostitution in the second degree and acquitted him of the coercion charge. On this appeal, defendant challenges the jurisdictional determination and the denial of his motion to suppress.

CPL 20.40 (1) (a) confers geographical jurisdiction of an offense on a county when conduct making up an element of that offense occurred within that county (*see, People v Botta,* 100 AD2d 311). The elements of the offense that defendant was convicted of are derived from its definition which, to the extent pertinent, reads:

"A person is guilty of promoting prostitution in the second degree when he knowingly:

"1. Advances prostitution by compelling a person by force or intimidation to engage in prostitution" (Penal Law § 230.30 [1]).

Engaging in prostitution is thus an essential element of the offense and, since there was ample evidence that the acts of prostitution happened in Albany County, that county had jurisdiction. Furthermore, although the question was not highlighted in the County Court's instructions to the jury, the court submitted the question of jurisdiction to the jury when it charged that a conviction for promoting prostitution in the second degree could be arrived at only if the jury found that defendant had compelled the woman to engage in prostitution at the two Albany County motels.

Also unavailing is defendant's contention that, in taking his inculpatory statement, the police infringed upon his constitutional right to counsel. The decision in *People v Lucarano* (61 NY2d 138) is dispositive. There, the Court of Appeals ex-

pressly held that "once a suspect denies that he is represented on a pending unrelated charge, the police are under no obligation to make further inquiry, so long as it is reasonable to believe the defendant's disclaimer of representation" (*supra*, p 148).

At defendant's suppression hearing, both the arresting State Police investigator and the police officer who reduced defendant's statement to writing testified that they administered *Miranda* warnings to him and, upon asking defendant if he was represented by counsel on the prior unrelated criminal matter, were told that he was not. Given that the prior offense arose in 1980 and neither officer possessed personal knowledge that defendant was indeed represented by counsel on that matter, it was not unreasonable for the officers to credit defendant's disavowal and proceed to obtain his statement. To conclude otherwise would enable a defendant to thwart the efforts of authorities to honor his right to counsel, only to have him later profit from his own deception.

Judgment affirmed. Main, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.