■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANTHONY JOHNSON, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 1, 1984, upon a verdict convicting defendant of the crimes of promoting prostitution in the second degree and promoting prostitution in the third degree.

In April 1983, defendant was indicted for the crimes of promoting prostitution in the second degree and promoting prostitution in the third degree.* The charges stemmed from his alleged activities in promoting and profiting from the prostitution of certain women, including Barbara Ann Coppola, a person under the age of 16. In January 1984, defendant was tried and found guilty of both counts. He was sentenced as a second felony offender to concurrent prison terms of 7½ to 15 years and 3½ to 7 years. This appeal ensued.

Defendant contends he was deprived of his right to a speedy trial. Defendant concedes that the People were in compliance with the readiness requirements of CPL 30.30; thus, the pertinent issue is whether his constitutional or CPL 30.20 speedy trial rights were breached. Factors to be balanced when determining whether a defendant's right to a speedy trial has been violated include: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" *(People v Taranovich,* 37 NY2d 442, 445; *see, Barker v Wingo,* 407 US 514). The 9- to 10-month delay in prosecuting defendant was caused in part by the fact that 6 or 7 similar trials, involving prostitution promoters, were before the court. County Court explained that it refused to try more than one such case before any term of the court since testimony in each case would be similar and thus prejudicial to the defendants. Delays caused by court congestion weigh less heavily against the People *(People v Watts,* 57 NY2d 299, 303). There is no indication that defendant's defense was prejudiced by the delay. Nor can it be said that the extent of the delay was unreasonable under the circumstances. Hence, we conclude that defendant's speedy trial right was not violated.

Defendant further asserts that Albany County did not have geographical jurisdiction to prosecute him. We cannot agree. Venue for a criminal prosecution may be established in a county when conduct occurred within such county sufficient to

---

* A third count was dismissed at trial and is not relevant to this appeal.

establish one element of the offense *(People v Tullo,* 34 NY2d 712, 714; *People v Chaitin,* 94 AD2d 705, *affd* 61 NY2d 683). Here, there was evidence that Albany County was the place where defendant engaged in some management activities of his prostitutes, where on at least one occasion he provided Coppola with materials for use in her work as a prostitute, and where he received some of the proceeds from the prostitution activities. This provided sufficient factual evidence for the jury to conclude that Albany County had jurisdiction to prosecute defendant for the charged crimes *(Matter of Steingut v Gold,* 42 NY2d 311, 316; *People v Sanders,* 112 AD2d 648, 649).

Defendant next avers that the introduction into evidence of Coppola's activities as a prostitute prior to her meeting defendant constituted reversible error. Background evidence is admissible in limited situations, such as where it is relevant to establish a material fact or make the subject matter of the crime intelligible to the jury *(People v Tucker,* 102 AD2d 535, 537). Prior acts of misconduct by one person cannot be used to infer guilt of another person not involved in the prior misconduct *(see, United States v DeCicco,* 435 F2d 478, 483). Here, over defense counsel's continuing objections, County Court allowed evidence of Coppola's activities prior to meeting defendant and of treatment she received from the person who was promoting her prostitution at that time. We fail to see how this evidence was of any probative value as to the crimes defendant was charged with. However, in light of the court's repeated strong cautionary instructions to the jury regarding this testimony coupled with the overwhelming proof of guilt, we conclude that any error in admitting this evidence was harmless *(see, People v Cook,* 42 NY2d 204; *People v Crimmins,* 36 NY2d 230).

Defendant's remaining contentions, including his assertion that the sentence imposed was unduly harsh and that County Court erred on his *Sandoval* motion, have been considered and found meritless.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.