THIRD DEPARTMENT, JUNE, 1989

(June 1, 1989)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR WELLINGTON, Appellant.—Levine, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered October 29, 1987, convicting defendant upon his plea of guilty of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

Defendant was arrested on May 6, 1986 and charged with operating a motor vehicle while under the influence of alcohol (driving while intoxicated), aggravated unlicensed operation of a vehicle in the first degree and other violations of the Vehicle and Traffic Law. An eight-count indictment was returned on June 18, 1986 which charged defendant with driving while intoxicated as a felony, criminal possession of a weapon in the third degree, aggravated unlicensed operation of a vehicle in the first degree, driving without insurance, driving without a license, driving an unregistered motor vehicle, driving with improper plates and passing in a no-passing zone. On June 23, 1986, defendant was served with the prosecution's first notice

of readiness for trial. Additional statements of readiness were made to the defense and County Court on August 8, 1986 and August 21, 1986.

In August 1986, County Court granted defendant's request for a suppression hearing and ordered that the hearing be held immediately prior to trial. Between October and December 1986, there appeared to be a breakdown in defendant's relationship with his attorney as evidenced by two applications by defense counsel to be relieved from representing defendant based on defendant's dissatisfaction with his attorney's performance. In December 1986, defense counsel, in a letter to County Court, reminded the court that defendant had been incarcerated since his arrest and asked that pretrial hearings and jury selection be scheduled as soon as possible. In January 1987, defense counsel's request to withdraw was granted and defendant was assigned new counsel.

On March 5, 1987, defendant's suppression hearing commenced. Following the hearing County Court requested a transcript of the proceeding which took 2½ months to produce. After receiving the transcript, County Court rendered its decision denying suppression and the matter was scheduled for trial on July 13, 1987. On July 8, 1987, defendant accepted a plea bargain which permitted him to enter a plea of guilty to driving while intoxicated as a felony in satisfaction of the entire indictment. As a further condition of the plea bargain, the prosecution agreed not to recommend a sentence in excess of one to three years' imprisonment.

Following the acceptance of his guilty plea by County Court, defendant moved for, *inter alia,* dismissal of the indictment on the ground that he was denied his constitutional right to a speedy trial. County Court denied the motion, finding that the prosecution had been ready to proceed to trial since the inception of the criminal action and that the delay was attributable to defendant's numerous pretrial motions. Defendant was subsequently sentenced to one to three years' imprisonment and this appeal by defendant ensued.

Defendant's first contention on appeal is that he was denied his constitutional right to a speedy trial as a result of the passage of 14 months from his arrest to the date scheduled for trial. The Court of Appeals has set forth the following five factors to be considered in determining whether a defendant has been denied his constitutional right to a speedy trial: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether * * * there has been an extended period of pretrial incarceration; and (5)

whether * * * there is any indication that the defense has been impaired by reason of the delay" *(People v Taranovich, 37 NY2d 442, 445)*.

In light of the foregoing factors, we conclude that defendant's right to a speedy trial was not violated. Although defendant was incarcerated throughout the entire period of delay, it appears that much if not all of the delay was attributable either to defendant or to the congestion of County Court's calendar. A court's inability to schedule matters promptly has been considered "to 'weigh less heavily' on the State" in evaluating a defendant's speedy trial claim *(People v Watts, 57 NY2d 299, 303, quoting People v Johnson, 38 NY2d 271, 278)*. Most significant, however, is defendant's failure to allege any prejudice to his defense as a result of the delay. We reject defendant's contention that the delay in his case was so lengthy as to constitute a per se violation of his right to a speedy trial.

Defendant also contends that his sentence was unduly harsh and excessive. We disagree. Defendant was sentenced in accordance with the plea agreement and we find no basis for concluding that the sentence imposed was improper.

Judgment affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.