■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT K. YARBROUGH, Appellant.—Weiss, J.

A trial jury convicted defendant of robbery in the first degree and robbery in the second degree, both of which crimes were charged in an indictment arising out of an armed robbery occurring on January 2, 1987 at the Ground Round Restaurant in the City of Albany. On this appeal, defendant has urged in five distinct arguments why a new trial should be granted. We disagree with each and, accordingly, affirm.

The initial argument is that defendant was denied his right to a speedy trial within six months of the commencement of the criminal proceedings under both constitutional and statutory standards. The July 16, 1987 motion shows that defendant was arraigned on February 13, 1987 upon a February 10, 1987 indictment and that defendant remained incarcerated throughout. However, the record shows that the People had filed a statement of readiness for trial on February 13, 1987, a copy of which was given to Matthew Kelly, defendant's attorney at that time, and that the delay in reaching trial was the result of calendar congestion. Moreover, the People contend that they indicated their readiness for trial on the record on approximately 10 occasions when the case was reached on the court calendar. While defendant has concentrated on the insufficiency of the answering affidavit filed by the People, he has not controverted the People's assertion that they announced their readiness for trial each time the case was called. We further find that the five criteria to be considered in determining whether a defendant's constitutional rights to a speedy trial were violated (US Const 6th Amend; *see, People v Taranovich,* 37 NY2d 442, 445) have been satisfactorily answered here *(see, People v Wellington,* 151 AD2d 796, *lv denied* 74 NY2d 853). We similarly find that the record supports County Court's determination that defendant's speedy trial rights under CPL 30.30 (1) (a) were not violated. The prosecution provided and communicated a written notice of readiness for trial to the court and defense counsel and also demonstrated such readiness for trial throughout *(see, People v Kendzia,* 64 NY2d 331). Nor was the court's failure to conduct

a hearing on the speedy trial motion error. On September 29, 1987, in argument before County Court on a habeas corpus writ and on the CPL 30.30 motion, defendant did not controvert either the People's February 1987 statement of readiness or their continued assertions of readiness. A hearing pursuant to CPL 210.45 was necessary only if the papers presented showed the existence of a factual dispute (see, People v Santos, 68 NY2d 859; People v Gruden, 42 NY2d 214, 217). Defendant has failed to demonstrate that the nine-month period between his arraignment and trial was excessive, resulted in prejudice to his defense or constituted a per se violation of his right to a speedy trial (see, People v Wellington, supra; People v Johnson, 128 AD2d 915, lv denied 69 NY2d 1005).

We further find that defendant has failed to establish a prima facie case of purposeful discrimination by the prosecution in selection of the jury by the improper use of peremptory challenges to exclude three black persons (see, Batson v Kentucky, 476 US 79; see also, Holland v Illinois, 493 US —, 110 S Ct 803). Although this court has declined to review this issue where, as here, the record did not include a transcript of the voir dire (see, People v Morales, 126 AD2d 836, lv denied 69 NY2d 953), we find that the explanation for each challenge was adequately set forth on the record by the prosecutor and that the burden of demonstrating race-neutral reasons for the exclusion of these persons as jurors has been met (see, People v Miller, 144 AD2d 94). This court recently held that "once the prosecution has advanced a sufficient neutral explanation related to the case to be tried * * * whether the exclusion of black jurors was racially motivated [will] 'largely * * * turn on evaluation of credibility' by the trial court in its findings, and 'a reviewing court ordinarily should give those findings great deference' " (People v Bessard, 148 AD2d 49, 53, lv denied 74 NY2d 845, quoting Batson v Kentucky, supra, at 98, n 21). We find no basis to disturb County Court's rejection of defendant's contention that the discriminatory use of peremptory challenges occurred.

Equally unpersuasive are defendant's arguments that County Court improperly denied suppression of the witness identification testimony. The record does not support defendant's claims that two witnesses observed each other's identification of a photo array or that a police officer improperly suggested defendant's name to yet another witness. There is no support for the argument that the identification procedure was "so unduly suggestive as to create a substantial likelihood

of irreparable misidentification" *(People v McAvoy,* 142 AD2d 605, *lv denied* 73 NY2d 857).

Defendant also vigorously argues that he was denied a fair and impartial trial by the conduct and rulings of County Court. While the trial court is not precluded from assuming an active role in the truth-seeking process *(People v Jamison,* 47 NY2d 882, 883) and may intervene to clarify unclear answers and insure that a proper foundation for the admission of evidence is made *(People v Yut Wai Tom,* 53 NY2d 44; *People v Tucker,* 140 AD2d 887, *lv denied* 72 NY2d 913), our concern must be to determine whether the court exceeded proper bounds. Undeniably, County Court assumed a firm hand during this trial and interjected itself on several occasions. However, on this record as a whole, it cannot be gainsaid that such intrusions were for the purpose of clarifying questions put to witnesses and the answers given, or to the facilitation and expedition of the progress of the trial, and we find that the court did not improperly reveal to the jury its opinion of the witnesses or of the case *(see, People v Moulton,* 43 NY2d 944, 945; *People v Fantroy,* 122 AD2d 291, 293). We similarly find that the rulings on identification testimony and cross-examination of the witnesses were not improperly made, nor did they deprive defendant of a fair trial.

Finally, the maximum sentence given to defendant as a second felony offender (prison terms of 12½ to 25 years for robbery in the first degree and 7½ to 15 years for robbery in the second degree) was within statutory limits *(see,* Penal Law § 70.06). This court has consistently left undisturbed the exercise of discretion by the sentencing court absent extraordinary circumstances, not present here *(see, People v Donnelly,* 103 AD2d 941; *People v Mabry,* 101 AD2d 961).

Judgment affirmed. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.