■ The People of the State of New York, Respondent, v Ray Evens, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J., at suppression hearing, jury

trial and sentence), rendered June 1, 1989, convicting defendant of burglary in the third degree and criminal possession of stolen property in the fifth degree and sentencing him to concurrent indeterminate terms of imprisonment of 2½ to 5 years, unanimously affirmed.

Defendant was found guilty after trial of breaking into a flower shop and removing some dolls, after the shop had been burglarized earlier in the evening. The area was known for its high incidence of storefront burglaries. At the suppression hearing Officer Eiden testified that when he accosted defendant in the deserted commercial district in the early morning hours, defendant was carrying an open cardboard box which, after inquiry, defendant replied contained items he had found in the garbage. With defendant's permission, Eiden looked inside and found new merchandise bearing price tags, one of which was still attached to a display stand. Eiden then asked defendant to lead him back to where the merchandise had been found. When defendant said that he could not, Eiden placed him under arrest.

Defendant's motion to suppress physical evidence was properly denied. The officer was justified in approaching defendant to make inquiry. (People v De Bour, 40 NY2d 210, 213.) The subsequent examination of the box was based on defendant's voluntary consent. The exchange between the officer and defendant, as noted by the hearing court, was marked by cooperation, and we find no suggestion of intimidation or forceful detention on the record.

The trial court's error to give a CJI charge on circumstantial evidence was harmless, although the CJI charge is preferable. Under the circumstances presented, the jury could not have mistakenly believed that there was direct evidence of the burglary. The point is clear from the evidence, and defense counsel emphasized it in his summation. By the same token, the court's charge made clear the rule that defendant could not be found guilty unless the inference of his guilt was "inevitable". Moreover, defendant, on appeal, has abandoned the claim, pressed at trial, that the court was required to charge the jury that to convict, the evidence must exclude innocence to a "moral certainty".

We have considered defendant's remaining claim and find it to be without merit. Concur—Sullivan, J. P., Ross, Asch, Kassal and Smith, JJ.