■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLISLE SIMMONS, Appellant.—Judgment affirmed. Memorandum: Defendant was convicted of possession and sale of a controlled substance. There is no merit to his contention that the prosecution discriminated on racial grounds in peremptorily excusing the only black prospective jurors available in the venire. Defendant was charged with sale of cocaine to an undercover officer at 11 Thomas Street in Rochester. The prosecutor explained that she excused the two black prospective jurors and a caucasian juror because they had some familiarity with Thomas Street. The court properly determined that the prosecutor's explanation was race neutral *(see, People v Hernandez,* 75 NY2d 350, *cert granted* — US —, 112 L Ed 2d 201) and that defendant failed to satisfy his ultimate burden of demonstrating that the prosecutor's exercise of peremptory challenges was purposefully discriminatory *(see, Batson v Kentucky,* 476 US 79, 94; *People v Hernandez, supra,* at 355).

All concur, except Lawton, J., who dissents and votes to reverse and grant a new trial, in the following Memorandum.

Lawton, J. (dissenting). I respectfully dissent. No issue has been raised that defendant has not established a prima facie case of discrimination based on the People's exercise of peremptory challenges. Beyond that, I do not believe that the prosecutor has met the burden imposed under *Batson v Kentucky* (476 US 79) to establish a racially neutral reason for exercising her peremptory challenges to excuse the only two black veniremen. In response to defense counsel's timely objection, the only basis advanced by the prosecutor for exercising her peremptory challenges against the black veniremen was a similar answer given by each during voir dire, viz., that they were aware of the location of the street where the crime allegedly occurred. No plausible reason was articulated by the prosecutor how such knowledge was relevant to the facts of the particular case or how such knowledge could reasonably affect a juror's objectivity in deciding the case. Further, the veniremen's knowledge of the street was de minimis. One black venireman knew only where the street was, while the other had been on the street once. Neither had any knowledge about the houses on the street.

In *Batson v Kentucky (supra,* at 98) the Supreme Court stated that once defendant has established a prima facie case of discrimination arising from a prosecutor's use of peremptory challenges to excuse black venire members, the burden is on the prosecutor to "articulate a neutral explanation *related to the particular case to be tried"* for the strikes (emphasis added). Here, the prosecutor, in response to the court's initial expression of doubt that the reason advanced by her was sufficient, successfully argued that it was her policy to excuse all potential jurors who have knowledge of or familiarity with the location of the alleged crime. Additionally, the prosecutor pointed out that she excused a nonblack venireman who similarly stated that he knew of the street's location. Neither argument is valid and the court erred in sustaining the challenges. Asking a venire member whether he or she is familiar with a location, without a further showing of relevancy to the particular case, may be employed as an effective covert device to prevent minorities from sitting on jury panels considering cases arising from minority neighborhoods. Further, it is of no moment that here a white venireman was excused for possessing similar knowledge because the exclusion of venire members based on such neutral reasons will have a disparate and discriminatory impact upon minority venire members *(see, e.g., State v Gilmore,* 103 NJ 508, 511 A2d 1150). Unlawful discrimination is seldom done openly *(see generally, Batson v Kentucky, supra,* at 106 [Marshall, J., concurring]). Consequently, courts must be vigilant not only in condemning instances where clear violations exist, but also in preventing outwardly racially neutral explanations from being used for discriminatory purposes *(see, People v Hernandez,* 75 NY2d 350, 358). To permit prosecutors to strike black venire members based on their answers to such neutral questions will allow them to mask racial discrimination with pretextual reasons and only promote future discrimination *(see,* Serr & Maney, *Racism, Peremptory Challenges, and the Democratic Jury: The Jurisprudence of A Delicate Balance,* 79 J Crim L & Criminology 1, 43-65 [1988]). Because the prosecutor did not articulate how her facially neutral reason was relevant to the facts of the case, she has failed to meet her burden of proof to rebut defendant's prima facie case of discrimination *(see, Batson v Kentucky, supra,* at 97-100; *Gamble v State,* 257 Ga 325, 327, 357 SE2d 792; *State v Gilmore,* 103 NJ, *supra,* at 522, 511 A2d, *supra,* at 1157).

Defendant's conviction should be reversed and a new trial granted. (Appeal from Judgment of Supreme Court, Monroe

County, Mark, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Dillon, P. J., Denman, Balio, Lawton and Lowery, JJ.