■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX DURAN, Appellant.—Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered April 25, 1990, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the first degree.

Initially, we find no merit to defendant's contention that County Court erred in refusing to grant certain challenges for cause, as there was no showing that there existed a "substantial risk that [any] predispositions [would] affect the ability of [a] particular juror to discharge [his or her] responsibilities" *(People v Williams,* 63 NY2d 882, 885; *see, People v Butts,* 140 AD2d 739, 740-741). Nor is there any indication in the record demonstrating that the prosecution used its peremptory challenges in a discriminatory manner *(see, People v Simmons,* 171 AD2d 1053; *People v Yarbrough,* 158 AD2d 811, 812, *lv denied* 75 NY2d 971). In fact, the prosecution, when questioned, provided reasons unrelated to race for his use of such challenges *(see, People v Yarbrough, supra,* at 812). Equally unpersuasive is defendant's contention that County Court erred in refusing to suppress the cocaine. The evidence establishes that the police officers were justified in stopping defendant and exercising their "common-law right to inquire" *(People v Gaines,* 159 AD2d 175, 177; *see, People v Stewart,* 41 NY2d 65, 69; *People v De Bour,* 40 NY2d 210). The subsequent search of the backpack, where the cocaine was found, was valid as it was based on defendant's consent *(see, People v Evens,* 167 AD2d 283, 284, *lv denied* 77 NY2d 905). We have examined defendant's remaining contentions and find them lacking in merit.

Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.