■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL M. GRANT, Appellant.—Appeal from a judgment of the Supreme Court (Mugglin, J.), rendered January 22, 1991 in Delaware County, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

We agree that Supreme Court erred in ordering defendant to pay a surcharge of $105 upon his conviction of driving while intoxicated. Penal Law § 60.35 (1), which was the statute to which the court was apparently referring, expressly exempts from its coverage crimes occurring under the Vehicle and Traffic Law. Instead, the applicable statute is Vehicle and Traffic Law § 1809 (1), which imposes a $25 surcharge. The sum of the surcharge should therefore be reduced accordingly. We do not agree, however, with defendant's assertion that the surcharge should have been waived *(see,* CPL 420.35 [3]). Nor do we agree with defendant's claim that the prison sentence he received of 1 to 3 years was harsh and excessive. It was within the statutory guidelines and was part of the plea bargain. Furthermore, another charge was dropped as a result

of the plea. Under these circumstances and given defendant's criminal background, we find no abuse of discretion by the court in imposing sentence *(see, People v Miller,* 163 AD2d 627, *lv denied* 76 NY2d 942; *People v Wellington,* 151 AD2d 796, *lv denied* 74 NY2d 853).

Casey, J. P., Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, by reducing the mandatory surcharge to $25, and, as so modified, affirmed.