■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HWI JIN AN, Appellant. [673 NYS2d 1003] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered October 31, 1997, convicting him of robbery in the first degree (four counts) and robbery in the second degree (four counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rios, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's motion to suppress (*People v Steward,* 88 NY2d 496; *People v Bing,* 76 NY2d 331; *People v Prochilo,* 41 NY2d 759). Mangano, P. J., Thompson, Santucci and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY JACKSON, Appellant. [674 NYS2d 63] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered March 3, 1997, convicting him of criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Martin, J.), of that branch of the defendant's omnibus motion which was to suppress evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

At the suppression hearing, Police Officer Darrell Nathan testified that the defendant was in the rear seat of an unlicensed livery cab which he pulled over during a routine traffic stop. After spotting a bag lying on the floor of the cab, Officer Nathan asked the defendant if the bag belonged to him.

Contrary to the defendant's contention, the Supreme Court properly found that this single question was merely a request for information. Considering the surrounding circumstances, the question was sufficiently non-threatening and non-accusatory so that a reasonable person would not thereby have considered himself to be suspected of criminal behavior (*see, People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210).

The defendant's remaining contention is without merit. Ritter, J. P., Thompson, Altman and McGinity, JJ., concur.