■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN HILL, Respondent. [734 NYS2d 639] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rios, J.), dated January 8, 2001, as granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The hearing court properly determined that the police officer was justified in approaching the defendant to request information. The defendant was observed standing near a 20-inch television, which was on the ground in the middle of the sidewalk, just one block away from the location of a possible break-in that had just been reported. As the officer approached, the defendant began to walk away from the television (*see, People v Nedo,* 193 AD2d 1022; *People v Fitz,* 187 AD2d 449). The hearing court also correctly determined that the officer's question to defendant about "whose television it was," did not exceed the permissible scope of inquiry under the circum-

stances, as the question was neither accusatory nor threatening (*see, People v Jackson,* 251 AD2d 349).

However, contrary to the hearing court's determination, the defendant's answer to the officer's inquiry, that the television was his and that he had found the television in the garbage, coupled with the officer's additional observations, including the fact that the defendant's hand was bleeding, and the knowledge that he already possessed, escalated the officer's level of suspicion to a belief that criminal activity was afoot, thus justifying his request to test the television (*see, People v Benjamin,* 168 AD2d 455; *People v Evens,* 167 AD2d 283; *People v Rowe,* 146 AD2d 720). The officer's suspicion further escalated when, as he was testing the television (which turned out to be completely functional) with the defendant's consent, he received a radio run of a burglary that had been committed one block away just a few minutes earlier. Based on this new information, the officer was justified in further detaining the defendant so that he could find out what was taken during the recent burglary (*see, People v Wheeler,* 61 AD2d 737; *People v Crawford,* 262 AD2d 330; *People v Guerra,* 199 AD2d 412). When the officer learned that a 20-inch television had been stolen during the burglary, he had probable cause to arrest the defendant. Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.