People v Mooney (2020 NY Slip Op 06417)





People v Mooney


2020 NY Slip Op 06417


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

111778

[*1]The People of the State of New York, Respondent,
v
Trista Mooney, Appellant.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Rebecca L. Fox of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered April 11, 2019, convicting defendant upon her plea of guilty of the crimes of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and circumvention of an ignition interlock device and the violation of driving without headlights.
Defendant pleaded guilty to an indictment charging her with driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, circumvention of an ignition interlock device and driving without headlights with the understanding that County Court would not be making a sentencing commitment. County Court thereafter sentenced defendant to a prison term of 2 to 6 years upon her conviction of driving while intoxicated and to lesser concurrent periods of incarceration upon her convictions of aggravated unlicensed operation of a motor vehicle in the first degree and circumvention of an ignition interlock device. Additionally, the court imposed fines totaling $5,200 and mandatory surcharges totaling $495. This appeal by defendant ensued.
Defendant initially contends that County Court imposed a $195 surcharge upon her conviction of aggravated unlicensed operation of a motor vehicle in the first degree in violation of Penal Law § 60.35 (2), which generally governs the imposition of surcharges "[w]here a person is convicted of two or more crimes or violations committed through a single act or omission, or through an act or omission which in itself constitute[s] one of the crimes or violations and also [is] a material element of the other." Defendant's argument, however, is grounded upon a flawed factual premise and an inapplicable statute. Penal Law § 60.35 (1) (a) expressly exempts from its coverage certain Vehicle and Traffic Law offenses, including those forming the basis for defendant's conviction, leaving the imposition of any mandatory surcharges to the provisions of Vehicle and Traffic Law § 1809 et seq. (see People v Grant, 178 AD2d 699, 699 [1991]). More to the point, County Court did not — as defendant claims — impose a surcharge upon defendant's conviction of aggravated unlicensed operation in the first degree. Rather, the surcharges at issue ($495) were imposed solely upon defendant's conviction of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). Such surcharges included the $300 mandatory surcharge set forth in Vehicle and Traffic Law § 1809 (1) (b) (i), together with the additional mandatory surcharges of $25 (see Vehicle and Traffic Law § 1809-c [1]) and $170 (see Vehicle and Traffic Law § 1809-e [1] [b]) required for certain violations of the Vehicle and Traffic Law — including, as relevant here, driving while intoxicated.
Defendant next challenges the fines imposed — asserting that the fines assessed upon her conviction of circumvention of an ignition interlock device ($500) and driving without headlights ($200) exceed the statutory maximums and, in any event, that the total amount levied ($5,200) renders her sentence harsh and excessive. The People concede that the maximum fine that may be imposed for the violation of driving without headlights is $150 (see Vehicle and Traffic Law § 1800 [b] [i]), and we agree with defendant that the fine imposed upon her conviction of circumvention of an ignition interlock device exceeds the maximum fine that may be imposed for the first conviction of such crime ($300) as set forth in Vehicle and Traffic Law § 1801 (1). In this regard, although the People are correct that circumvention of an ignition interlock device is a class A misdemeanor (see Vehicle and Traffic Law § 1198 [9] [e]), which — under the Penal Law — is punishable by a fine of up to $1,000 (see Penal Law § 80.05 [1]), courts have long recognized that the Vehicle and Traffic Law may impose fines and other penalties for offenses committed thereunder that differ from those that may be imposed for similarly classified offenses under the Penal Law (see generally People v Prescott, 95 NY2d 655, 660-661 [2001]). As we are persuaded that Vehicle and Traffic Law § 1801 (1) controls here, the fine imposed upon defendant's conviction of circumvention of an ignition interlock device must be reduced to $300. Coupled with the reduction of the fine imposed for the violation of driving without headlights, the overall fine assessed must be reduced by $250 — resulting in a total fine of $4,950 — and the order directing payment thereof must be amended accordingly. Given defendant's established history of alcohol-related offenses and substance abuse, we do not otherwise find the balance of the fine imposed in conjunction with defendant's sentence to be excessive (see e.g. People v Benjamin, 8 AD3d 833, 834 [2004]; People v Farrell, 246 AD2d 748, 749 [1998]).
Finally, defendant argues — and the People concede — that the sentence and commitment order incorrectly states that defendant is subject to a three-year conditional discharge with an ignition interlock device condition to commence upon defendant's release from prison. As reflected in the sentencing minutes, the ignition interlock device condition was imposed for a period of 12 months. Accordingly, this matter must be remitted to County Court for amendment of the sentence and commitment order (see e.g. People v Deschaine, 116 AD3d 1303, 1304 [2014], lv denied 23 NY3d 1019 [2014]).
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the judgment is modified, on the law, by reducing the fine imposed to $4,950; matter remitted to the County Court of Clinton County for entry of an amended uniform sentence and commitment form and an amended order directing the payment and collection of fines and mandatory surcharges; and, as so modified, affirmed.