Wachtler, J.
On this appeal we are asked to rule on the correctness of the Appellate Division’s granting of an article 78 petition in the nature of a writ of prohibition. Inextricably involved in that question is whether the so-called "injured forum” provision of the Criminal Procedure Law conferred jurisdiction on Kings County to indict and prosecute the petitioners (CPL 20.40, subd 2).
The petitioners were indicted by a Kings County Grand Jury and jointly charged with two felony counts of corrupt use of position or authority in violation of the Election Law. Section 448 of the Election Law provides, in pertinent part, that:
"Any person who:
"1. While holding public office, or being nominated or seeking a nomination or appointment therefor, corruptly uses or promises to use, directly or indirectly, any official authority or influence possessed or anticipated, in the way of conferring upon any person, or in order to secure, or aid any person in securing, any office or public employment, or any nomination, confirmation, promotion or increase of salary, upon consideration that the vote or political influence or action of the person so to be benefited or of any other person, shall be given or used in behalf of any candidate, officer or party or upon any other corrupt condition or consideration; or
* * *
"3. Makes, tenders or offers to procure, or cause any nomination or appointment for any public office or place, or accepts or requests any such nomination or appointment, upon the payment or contribution of any valuable consideration, or upon an understanding or promise thereof
* * *
"Is guilty of a felony.”
A luncheon meeting in New York County between the *314 Steinguts and one Hans Rubenfeld, a successful retail merchant, gave rise to the indictment. During the course of that meeting it is alleged that Robert Steingut, with the aid of his father, Stanley Steingut, the Speaker of the New York State Assembly, promised to assist Mr. Rubenfeld in obtaining appointment to the position of Advisor to the Civilian Complaint Review Board of the New York City Police Department. It is further alleged that in exchange for this assistance, Mr. Rubenfeld offered or promised to arrange a fund raising dinner among his friends and to raise or contribute funds for Robert Steingut’s campaign. The younger Steingut was then seeking election to the position of Councilman-at-Large in the City of New York from the County of Kings, a position which he now holds. It should be noted that the dinner was never held, although Rubenfeld did contribute $2,500 to the campaign.
After the indictment was returned the petitioners moved before Judge Polsky to have it dismissed, contending, inter alia, that the Kings County Grand Jury was without jurisdiction in that none of the alleged conduct constituting the crime, if any there be, took place in that county. While conceding that all of the discussions and transactions between Rubenfeld and the Steinguts took place in New York County, the Kings County District Attorney argues that jurisdiction was proper in Kings County by reason of the injured forum section of the Criminal Procedure Law (CPL 20.40, subd 2). The relevant portion of that provision confers jurisdiction over an offense to the courts of a county when:
"Even though none of the conduct constituting such offense may have occurred within such county:
* * *
"(c) Such conduct had, or was likely to have, a particular effect upon such county or a political subdivision or part thereof, and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein”.
The definition of "particular effect” within a county is provided by CPL 20.10 (subd 4): "When conduct constituting an offense produces consequences which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction, or result in *315 the defrauding of persons in such jurisdiction, such conduct and offense have a 'particular effect’ upon such jurisdiction.”
Petitioners motion to dismiss the indictment was denied. They then initiated this article 78 proceeding in the nature of prohibition in the Appellate Division, seeking to enjoin the respondents from prosecuting them under the Kings County indictment. A unanimous Appellate Division granted the petition.
Initially we address ourselves to the propriety of the use of the extraordinary remedy of prohibition under the circumstances here present. In doing so, we note the fact that the appellants have conceded below, and have not raised the question on the present appeal to our court, that an article 78 proceeding in the nature of prohibition is available in the instant case. The District Attorney apparently was of the opinion that prohibition was appropriate to test the power of the Kings County Grand Jury to return an indictment charging crimes allegedly wholly committed in another county. We feel, nevertheless, that the issue warrants our consideration.
As we have recently noted, "[t]he extraordinary remedy * * * of prohibition * * * lies only where there is a clear legal right, and * * * only when a court (if a court is involved) acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction” (Matter of State of New York v King, 36 NY2d 59, 62, citing Proskin v County Ct. of Albany County, 30 NY2d 15, 18; Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 436-437; Matter of Hogan v Culkin, 18 NY2d 330, 335-336; see La Rocca v Lane, 37 NY2d 575, 578-579; Matter of Nigrone v Murtagh, 36 NY2d 421, 423-424). The writ does not lie as a means of seeking a collateral review of an error of law, no matter how egregious that error might be, in a pending criminal proceeding, but only where the very jurisdiction and power of the court are in issue (Matter of State of New York v King, supra, at p 62, and cases cited therein). Further, in order for prohibition to be appropriate, the writ must be directed to some inferior judicial tribunal or officer and must seek to prevent or control judicial or quasi-judicial action only (Matter of Dondi v Jones, 40 NY2d 8, 13; see Comment: Writ of Prohibition in New York—Attempt to Circumscribe an Elusive Concept, 50 St John’s L Rev 76, 84).
In the instant case, the Steinguts challenge the geographical *316 jurisdiction of Kings County to indict and prosecute them for their alleged offenses. It is well settled that prohibition is the proper remedy for such a challenge (23 Carmody-Wait 2d, NY Prac, p 806). Illustrative is Matter of Hogan v Culkin (18 NY2d 330, 336, supra) in which we held that "prohibition is the proper remedy whenever a court threatens to act without or in excess of its power, not only with respect to a lack of jurisdiction over the subject matter * * * but also where the Legislature has confined the exercise of jurisdiction to a court of some other county.” (See Matter of Murtagh v Liebowitz, 303 NY 311, 319; Matter of Di Lorenzo v Murtagh, 43 AD2d 938.) It is equally well settled that the challenge to geographical jurisdiction may be properly made prior to trial (Matter of Murtagh v Liebowitz, 303 NY 311, 319, supra).
It is manifest, therefore, that the writ of prohibition was properly sought in the instant case. The question remaining is whether the Appellate Division was correct in granting this extraordinary relief. The resolution of that issue, in turn, depends on whether or not Kings County had geographical jurisdiction to indict and to seek the prosecution of the Stein-guts. Since, as the appellants themselves concede, the acts constituting the alleged crime occurred entirely within another county, Kings County can be said to have the power to proceed against the petitioners only if jurisdiction to prosecute is conferred upon it by the injured forum statute (CPL 20.40, subd 2). Under the common law the rule is well established that every criminal offense may be inquired into and prosecuted only in the county where the offense was committed (Matter of Murtagh v Liebowitz, 303 NY 311, supra; People v Hetenyi, 277 App Div 310, affd 301 NY 757). Hence, absent the injured forum provision, it is clear that Kings County would lack geographical jurisdiction and, therefore, the Appellate Division’s grant of prohibition would be unquestionably appropriate.
Geographical jurisdiction to prosecute is a question of fact (see People v Tullo, 34 NY2d 712, 714; People v Hetenyi, 304 NY 80, 84). However, a county’s jurisdiction to prosecute for criminal activity need not be established beyond a reasonable doubt. All that is required is that jurisdiction can be fairly and reasonably inferred from all the facts and circumstances introduced into evidence (see People v Hetenyi, 304 NY 80, 84, supra). Where, as here, however, it is clear that all of the allegedly criminal activity occurred in another county, the *317 jurisdiction of the county seeking to prosecute for that activity must be established before the Grand Jury (see People v Greene, 3 AD2d 768). Hence, in the present case, the Kings County prosecutor was required to put before the Grand Jury evidence establishing that county’s jurisdiction to proceed. Since Kings County’s jurisdiction was concededly wholly dependent on whether or not the injured forum provision came into play under the facts of this case, it was requisite that the prosecutor demonstrate the applicability of that statute before the Grand Jury.
The statute in question requires that in order for Kings County to exercise jurisdiction the criminal activity must have had or be likely to have a "particular effect” within that county (CPL 20.40, subd 2). A "particular effect” within the county is defined as a "materially harmful impact upon the governmental processes or community welfare of’ the county seeking to assert jurisdiction (CPL 20.10, subd 4). Further, in order for jurisdiction to attach the criminal activity in the foreign county must have been "performed with intent that it would, or with knowledge that it was likely to, have such particular effect” in the injured county (CPL 20.40, subd 2).
The Kings County prosecutor claims that the mere fact that the election was to take place in Kings County is sufficient to establish these elements. The inherent limitations of this argument are obvious. If the injured forum jurisdictional statute were to be triggered by the amorphous fact that the voters of the county would be called upon to vote in an election allegedly tainted by criminal activity localized in a single county, then if the election was one for a State-wide office any county within the State would be able to assert jurisdiction to indict and prosecute. This is clearly not the intent of the statute. The type of injury or offense contemplated by the statute must be perceptible and of the character and type which can be demonstrated by proof before a Grand Jury. Appropriate application of the statute is best illustrated in the Practice Commentary: "Paragraph (c) of this subdivision (subd. 2) may be illustrated by a criminal mischief offense in which the culprit maliciously blows up a dam in Putnam County near the Westchester County line, thus flooding some Westchester territory—a result which he either intends or knows is likely to occur. In such case, jurisdiction of the crime lies in Westchester as well as in Putnam.” (Denzer, Practice *318 Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 20.40, p 55).
In the case before us there was no perceptible material harmful impact such as the physical intrusion noted in the commentary or other types of impact (e.g., the failure of a prisoner to be returned to the county of confinement [see People v Scannelli, 49 AD2d 648], or the sale of illicit drugs in one jurisdiction for the purpose of resale in another [cf. People v Puig, 85 Misc 2d 228, 233]).
Indeed the nebulous nature of the impact claimed by the prosecutor in this case is best illustrated by the fact that the indictment itself does not even allege the effect which the purported crime would have on Kings County. Rather, in the most conclusory fashion, the indictment simply states "the defendants’ conduct had and was likely to have a particular effect on Kings County”. Certainly the invoking of the extraordinary injured forum jurisdictional statute requires the specification of a more concrete and identifiable injury.
It is clear, therefore, that the statute in question could have no application in a case of this sort. As a result, the indictment, relying as it does on the injured forum statute as its sole jurisdictional base, is defective on its face.
Further even if we were to presume that the statute could have application in connection with an offense of this sort, the county seeking to prosecute would be required to establish before the Grand Jury both the materially harmful impact upon the governmental processes of that county and that the criminal activity in question was performed with the intent or knowledge that such a materially harmful impact was likely to occur in that county. In the case now before us, the prosecutor failed to put before the Grand Jury any evidence either that there was a materially harmful impact upon the governmental processes of Kings County or that the allegedly criminal activity was performed with the intent or knowledge that such a particular effect would occur in that county.
Kings County lacked the power to indict and prosecute these petitioners because jurisdiction to proceed was not conferred on it by virtue of the injured forum statute since that statute does not apply in this type of case, and, even if it did, there was no showing before the Grand Jury of the elements requisite to the triggering of its provisions. Consequently the Appellate Division was correct in granting the article 78 petition in the nature of prohibition.
*319 Accordingly, the judgment of the Appellate Division should be affirmed.