■ In the Matter of TATI OKEREKE, Petitioner, v JAMES B. KANE, as Administrative Judge, Eighth Judicial District, et al., Respondents. — Application unanimously denied and petition dismissed, without costs. Memorandum: In this CPLR article 78 proceeding in the nature of prohibition, petitioner claims that the trial of his indictment was automatically assigned by the supervising Justice for the Eighth Judicial District to the "Career Criminal Trial Part", solely by virtue of the District Attorney's classification of the indictment and in violation of the Fourth Department rule requiring cases to be assigned randomly by the supervising Justice (22 NYCRR 1590.1 [a]). Although we find that under the circumstances a judicial officer exceeded his authorized power in a proceeding over which he has jurisdiction, no clear right of petitioner has been threatened requiring the use of this extraordinary remedy (see *Matter of Morgenthau v Erlbaum,* 59 NY2d 143; *Matter of Steingut v Gold,* 42 NY2d 311, 315-316). Petitioner's criminal indictment reposes in a Trial Part before a Supreme Court Justice who has jurisdiction to hear his case. We point out, however, that neither the court rule (22 NYCRR 1590.1) nor the clear implication of the statutorily created major violent offense trial program (L 1978, ch 481, § 61) allows discretion in assignment of cases to be exercised by anyone

except a judicial officer. This caveat extends to any other system of case assignment by administrative and supervising Judges, including the so-called "vertical prosecution" of certain cases. We expect that compliance with the spirit and purpose of this decision will foreclose the need for future applications for similar relief. (Article 78). Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.