THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY KELLERMAN, Appellant.

Third Department, July 26, 1984

APPEARANCES OF COUNSEL

*Gerald B. Lefcourt* (*Erica Horwitz* of counsel), for appellant.

*Michael Kavanagh, District Attorney* (*Marsha Solomon* of counsel), for respondent.

OPINION OF THE COURT

MAHONEY, P. J.

On December 4, 1982, the New York Attorney-General's Organized Crime Task Force arrested Erich Heinze for drug trafficking. In return for leniency, Heinze agreed to implicate his suppliers. In furtherance of that agreement, Heinze telephoned defendant in Aspen, Colorado, to arrange a shipment of cocaine to New York City. Defendant,

after he shipped two kilograms of cocaine to that metropolis, was indicted in Ulster County on two counts of conspiracy in the second degree. After defendant's motion to dismiss the indictment on the ground, *inter alia,* that Ulster County lacked geographical jurisdiction, was denied, defendant pleaded guilty to one count of conspiracy in the second degree in satisfaction of the indictment and was sentenced to 2⅓ to 7 years' imprisonment. On this appeal, defendant challenges the geographical jurisdiction of the Ulster County Court and the alleged excessiveness of the sentence.

While the prosecution does not argue that defendant waived his right to review of the denial of his motion to dismiss the indictment on the ground of geographical jurisdiction, we are constrained to address that issue since failure to do so would not be in keeping with appellate policy of declining to reach an issue waived by a guilty plea (see *People v Thomas,* 74 AD2d 317, affd 53 NY2d 338).

■ While the jurisdiction of a court of general jurisdiction is presumed, that of a court of limited jurisdiction, e.g., the Ulster County Court, must, whenever questioned, be specifically demonstrated. Where a defendant controverts geographical jurisdiction, the People must, at trial, prove by a fair preponderance of the evidence that the crime occurred within the county or that a statutory exception is available (*People v Moore,* 46 NY2d 1, 6; *People v Goldswer,* 39 NY2d 656, 659-661). Where a defendant challenges geographical jurisdiction before trial, the jurisdiction of the county seeking to prosecute must be established before the Grand Jury (*Matter of Steingut v Gold,* 42 NY2d 311, 316-317), and such a challenge must fail if the Grand Jury minutes show some evidence from which jurisdiction could be inferred (see *People v Chaitin,* 94 AD2d 705). Here, however, we are faced with the issue of whether a guilty plea waives a geographical jurisdiction challenge. We hold that it does not.

Our jury trial system insures that the jury members are drawn from the community in which the crime was allegedly committed (see *People v Taylor,* 39 NY2d 649, 655-656). Unless criminal conduct bears "a necessary nexus to the geographical jurisdiction of the court", a court cannot

commence a criminal action (*People v Hickey,* 40 NY2d 761, 762). Further, a criminal action that proceeds without geographical jurisdiction can be stopped by prohibition (*Matter of Steingut v Gold, supra,* p 316). This emphasis on "place" of trial is not only for the benefit of the prosecution, but is a right of a criminal defendant to be tried in the county where the alleged crime occurred unless otherwise provided by the Legislature (*People v Moore, supra*). Accordingly, we hold appellate review following a guilty plea to be appropriate, but since a guilty plea cuts off the People's opportunity to prove geographical jurisdiction at trial, a conviction should be reversed only where it affirmatively appears that geographical jurisdiction could not have existed.

Geographical jurisdiction for a conspiracy lies in any county in which a defendant either entered the conspiracy or, in furtherance thereof, committed an overt act (Penal Law, § 105.25, subd 1). A defendant need not physically enter the county in order to confer jurisdiction. An oral statement "made by a person in one jurisdiction to a person in another jurisdiction by means of telecommunication * * * is deemed to be made in each such jurisdiction" (CPL 20.60, subd 1). Here, the Grand Jury minutes reveal that Heinze made his phone calls to defendant from the Ulster County Jail. Since these phone calls sought to arrange delivery of cocaine, such calls constituted an overt act in furtherance of the conspiracy (*People v Menache,* 98 AD2d 335, 337-338) and such overt acts occurred in Ulster County. This result is not undermined by defendant's contention that jurisdiction was lost since Heinze made his telephone calls at police behest. Here, defendant knew his coconspirator lived and operated out of Ulster County. While defendant may have been surprised to hear that Heinze had called from jail, he should have expected the calls to have originated in Ulster County. Since the Grand Jury minutes indicate that an overt act of the conspiracy occurred in Ulster County, County Court was correct in refusing to dismiss the indictment on jurisdictional grounds at the pretrial stage of the action.

■ Lastly, since defendant was a major supplier of cocaine to New York's illicit drug traffic, we cannot say that

the sentencing court abused its discretion in imposing a sentence of 2⅓ to 7 years' incarceration.

The judgment should be affirmed.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Judgment affirmed.