■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WEAVER, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered March 3, 1989, upon a verdict convicting defendant of the crime of conspiracy in the second degree.

On this appeal defendant challenges his conviction of conspiracy in the second degree on the following grounds: (1) the County Court of Tompkins County did not have geographical jurisdiction over the crime, (2) the prosecution failed to allege and prove an overt act in furtherance of the conspiracy, (3) the court committed reversible error in submitting for the jury's consideration acts which were not, as a matter of law, overt acts in furtherance of the conspiracy, (4) there was a failure to sufficiently corroborate accomplice testimony, and (5) the court gave improper instructions to the jury as to what constitutes "overt acts" in furtherance of the conspiracy.

The prosecution's theory of conspiracy, as set out in the

indictment, is that there was an agreement between defendant, Charles Hauser and Eric Degen to conduct an illegal narcotics operation in which cocaine was obtained in Florida, then transported to Tompkins County and Onondaga County for distribution in Cortland County. Hauser's role was to obtain cocaine from defendant and to process it for distribution to Degen. Degen was to transport the cocaine to Tompkins County Airport and Hancock Airport in Onondaga County for distribution in Cortland County. The overt acts alleged to have been committed to effect the objects of the conspiracy were as follows: (1) on or about April 17, 1986, Degen transported eight ounces of cocaine from Florida to Cortland County, (2) on or about April 22, 1986, Degen called Hauser in Florida from Cortland County to have him obtain cocaine from defendant, (3) on or about June 13, 1986, Degen called Hauser in Florida from Tompkins County to purchase one pound of cocaine for delivery in New York, and (4) on or about June 16, 1986, defendant telephoned Degen in Tompkins County to discuss the delivery of one pound of cocaine to New York.

At trial, the proof against defendant consisted of the testimony of Degen, who had pleaded guilty to criminal possession of a controlled substance in the third degree, and Hauser, who had pleaded guilty to conspiracy in the fourth degree. Both provided the majority of the information introduced at trial concerning the conspiracy. The People also introduced 12 tape recordings of conversations between the two men and defendant. Defendant was found guilty of conspiracy in the second degree and sentenced to 9 to 18 years' imprisonment.

Addressing defendant's allegations of error *seriatim,* we find that several acts alleged to be overt acts in furtherance of the conspiracy occurred in Tompkins County, so as to confer jurisdiction on the County Court of Tompkins County. The telecommunications made by defendant to Degen on June 16, 1986 from Florida to Tompkins County to discuss defendant's ability to supply one pound of cocaine for Degen are properly deemed to be made in each jurisdiction *(see, People v Kellerman,* 102 AD2d 629, 631).

Defendant next contends that the "overt acts" alleged in the indictment were not "in furtherance of" the conspiracy as required by Penal Law § 105.20 because telephone conversations are mere words and not independent acts which tended to carry out the conspiracy, nor was there any evidence linking defendant to the cocaine that Degen transported to Tompkins County from Florida on April 17, 1986. We dis-

agree. The conversations between Degen and Hauser and Degen and defendant, discussing when the next cocaine transaction would occur, indicated that the conspiracy had already been formed. In *People v Kellerman (supra,* at 631) we held that a telephone conversation which "sought to arrange delivery of cocaine * * * constituted an overt act in furtherance of the conspiracy". Likewise, in conversations on April 22, 1986 and June 13, 1986, Degen and Hauser sought to arrange for the delivery of cocaine and these were not "mere discussions" to form a conspiracy *(see, People v Menache,* 98 AD2d 335, 337), but were acts to carry out the conspiracy, i.e., the continuing operation of a drug network involving repeated sales of drugs. The conversation led to Degen's flight to Florida to obtain cocaine in furtherance of the conspiracy.

Defendant also contends that Degen's delivery of eight ounces of cocaine in Cortland County on April 17, 1986 and his use of Tompkins County Airport on April 24-25, 1986 to import cocaine cannot be used to implicate defendant because it has not been proven that defendant provided the cocaine on that date. Testimony indicated that the cocaine came from someone named "Mike". We disagree with defendant's contention. The jury could have reasonably concluded that the April 17, 1986 delivery was an overt act in furtherance of the conspiracy and that the April 24-25, 1986 transaction was an attempt to achieve the purpose of the conspiracy, even though the objective of getting cocaine from defendant was not attained and yet another crime was committed, obtaining cocaine from another supplier. The acts may still be charged and proven as overt acts in support of the instant conspiracy to deal in drugs. Degen went to Florida on April 24, 1986 to get cocaine from defendant and, when he was unable to contact defendant, he turned to another supplier. We concur with the People's contention that the act was in furtherance of the conspiracy by ensuring a continued supply of drugs to Degen's customers.

Defendant next argues that the accomplice testimony was not corroborated as required by CPL 60.22. We disagree. The tape-recorded conversations between defendant and his accomplices are sufficient corroboration of the accomplices' testimony and sufficiently connect defendant to the crime charged. The taped conversations support the accuracy of the accomplices' testimony sufficient to satisfy the jury that the accomplices were telling the truth *(see, People v Daniels,* 37 NY2d 624, 630). The tapes contain conversations between Degen and Hauser which mention defendant and his role. In another

tape, defendant and Degen discussed the procurement of one pound of cocaine.

Next, we find no merit to defendant's contention that the conversations were ambiguous and had to be explained to the jury by Degen, and, therefore, they did not constitute truly independent supporting evidence. The true drift of the conversations was discernible by the jury. It was clear that the reference to "it" was intended to refer to cocaine, especially when "it" was related to the further conversation that defendant was coming by late in the night to cut it "depending on how good it was" and that "megadollars" would be lost if the pound should be lost.

Finally, defendant's objections to County Court's instruction is without merit. The charge was identical to the charge recommended in the Criminal Jury Instructions (see, 2 CJI[NY] PL 105.15) and is consistent with the Penal Law.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.