■ PEOPLE v TIMOTHY RUTTER. [623 NYS2d 97] —Motion for renewal and reargument granted, and upon reconsideration the Court adheres to its original determination, as indicated. Concur—Murphy, P. J., Sullivan, Ross and Asch, JJ. *[See,* 202 AD2d 123.]

SECOND DEPARTMENT, JANUARY, 1995

(January 4, 1995)

■ In the Matter of JAMES F. SMITH, Petitioner, v KENNETH GRIBETZ et al., Respondents. [621 NYS2d 883] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia,* to prohibit the respondents from continuing the prosecution of the petitioner under Rockland County Indictment No. 137/94 on the ground, *inter alia,* of lack of jurisdiction.

Adjudged that the petition is denied and the proceeding dismissed, without costs or disbursements.

Relief in the nature of a writ of prohibition is available only where there is a clear legal right, and then only where a court acts or threatens to act either without jurisdiction or in excess of its authorized powers *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *Matter of Rush v Mordue,* 68 NY2d 348, 352; *Matter of Steingut v Gold,* 42 NY2d 311, 315-316). The petitioner has failed to demonstrate a clear legal right to the relief sought. Bracken, J. P., Sullivan, Rosenblatt, Miller and Thompson, JJ., concur.

■ In the Matter of JAMES F. SMITH, Petitioner, v ROBERT H. MEEHAN et al., Respondents. [621 NYS2d 883] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, to prohibit the respondent Judge from presiding over any further proceedings in the criminal action under Rockland County Indictment No. 137/94.

Adjudged that the petition is denied and the proceeding dismissed, without costs or disbursements *(see, Matter of Smith v Gribetz,* 211 AD2d 605 [decided herewith]). Bracken, J. P., Sullivan, Rosenblatt, Miller and Thompson, JJ., concur.