OPINION OF THE COURT
John E.H. Stackhouse, J.
Each of the above-listed defendants filed omnibus motion in this case. All of the defendants ask the court to inspect the Grand Jury minutes and dismiss the indictment, or grant hearings and require disclosure.
However, before the typical issues can be reached, the court must first deal with the issue of jurisdiction. Because of an unusual factual situation, the defendants claim that Bronx County is an improper forum for this case to be heard.
The location of the premises — where the alleged drug transactions took place — is 151 West 228th Street. At the Grand Jury presentation the Assistant District Attorney elicited testimony from the undercover police officers who participated in the sales of drugs and in the arrests of the defendants. The officers were members of the Bronx Drug Horn *425 icide Task Force and the Bronx Narcotic Major Case Unit. They were conducting a long-term buy operation at this location and drug purchases were made there on October 18, 1994, October 21, 1994, November 3, 1994, November 4, 1994, and December 3,1994. Arrest warrants were executed on December 8, 1994.
After the indictment was voted and before motions were made, it came to the attention of some of the defense attorneys that the premises was not in the Bronx but rather in Manhattan. This information was given to Mr. Fuld (the attorney for Thelma Santos) during another proceeding.
Mr. Fuld argues strenuously that unless the People prove proper venue before the Grand Jury, the Bronx Supreme Court does not have jurisdiction to try this case and the indictment must be dismissed.
It is only mildly disputed that the premises is well within the jurisdictional reach of the Bronx as set by CPL 20.40 (4) (c) which states "an offense committed within five hundred yards of the boundary of a particular county, and in an adjoining county of this state may be prosecuted in either such county.” The prosecutor contends that the premises is only l1/2 blocks from the Bronx border; the defense (at this time) will not concede this fact. The court, relying on an official sectional map of the Borough of Manhattan provided to it by the Topographical Bureau, will take judicial notice of the fact that 151 West 228th Street, in the Maple Hill neighborhood, is within 365 yards of the boundary between the Bronx and Manhattan. The map makes it clear that the Marble Hill neighborhood, which used to be part of Manhattan Island, was made a part of the mainland, and therefore the Bronx, when the riverbed of the Spuyten Duyvil Creek was diverted many years ago. Since that time it has been policed and served by Bronx agencies.
It is settled law that the People must prove where crimes are committed unless this issue is waived by the defense. In the case of People v Moore (46 NY2d 1), the Court states that "at common law and under the State Constitution the defendant has the right to be tried in the county where the crime was committed unless the Legislature has provided otherwise * * * The burden is on the People to prove that the county where the crime is prosecuted is the proper venue because either the crime was committed there * * * or one of the statutory exceptions is applicable.” (Supra, at 6-7 [emphasis added].) The proof need not be beyond a reasonable doubt, a preponder *426 anee of the evidence will satisfy the People’s burden. It is for the jury to decide, as a matter of fact, the place where the crime was committed or any other fact relevant to venue.
If the defense requests the court to instruct the jury to determine the factual predicate for the venue, it has been held to be error to refuse the charge even though the People’s proof with respect to venue is uncontroverted (citing People v Hetenyi, 277 App Div 310, affd 301 NY 757; see also, 304 NY 80).
However, in these motions the defendant’s primary challenge is directed to the sufficiency of the indictment and the absence of the proof concerning the location of the criminal activity given to the Grand Jury. This issue is properly raised in an omnibus motion. (People v Iannone, 45 NY2d 589.)
Where a defendant challenges the court’s geographical jurisdiction before trial, the jurisdiction of the county seeking to prosecute must be established before the Grand Jury (People v Kellerman, 102 AD2d 629, 630, citing Matter of Steingut v Gold, 42 NY2d 311). Since jurisdiction is not itself an element of the crime, it need only be established by a preponderance of the evidence and the challenge to jurisdiction must fail if the Grand Jury minutes show some evidence from which jurisdiction could be fairly and reasonably inferred from all the facts and circumstances in evidence (People v Chaiten, 94 AD2d 705). Another consideration would be the prejudice, if any, to the defendant. (People v Lowen, 100 AD2d 518.)
The court has carefully read the Grand Jury minutes in order to ascertain if jurisdiction in Bronx County could be fairly and reasonably inferred (see, Matter of Steingut v Gold, supra).
The grand jurors were given the names, shield numbers and commands of the undercover officers involved in this case. They are all Bronx police officers. The address of the premises was also repeated several times because the Assistant District Attorney asked location questions of all of the officers who testified. Therefore I find that jurisdiction in Bronx County can be fairly and reasonably inferred from all the facts and circumstances introduced into evidence, even without the explicit mention of the 500-yard rule. The evidence presented to the Grand Jury was legally sufficient to sustain the indictment. The presentation of the evidence was proper and the Grand Jury was properly instructed in the law.
All of the defendants raised Ryan issues. In People v Ryan (82 NY2d 497), the Court of Appeals held that a defendant’s knowledge of the weight of the controlled substance possessed must be presented to the Grand Jury.
*427 In this case, each defendant is charged with the sales of cocaine to undercover police officers on several occasions.
Negotiations regarding price and quality were held. Pursuant to these conversations more than $12,000 was exchanged for more than 16 ounces of cocaine.
Clearly, from the totality of the circumstances an inference of each defendant’s knowledge of the weight of the drugs can be properly inferred. (People v Sanchez, 205 AD2d 472.)
Therefore the motions to dismiss or reduce the charges under Ryan (supra) is denied.
The motions for Mapp hearings are also denied. No evidence was seized from the defendants at the time of their arrests. Similarly no statements were made by the defendants which the People plan to use at trial so no Huntley hearings are necessary. Furthermore all of the identifications were confirmatory in nature so no Wade issues are raised.
At this time, the motions for severance are denied in the interest of justice, since all the witnesses and parties, evidence and issues are identical in each case and there is no prejudice to any defendant.
All Sandoval issues are reserved until just prior to trial.
The defendants also move to controvert the search warrant on the grounds that the premises were "misdescribed”, and that the warrant was stale requiring all the seized evidence to be suppressed.
In fact the warrant was executed just two days after it was issued. That can hardly be described as "stale”.
The "misdescription” claim is premised on the same grounds as the motion to dismiss the indictment that the premises are in New York County, not the Bronx and therefore this court fails to have jurisdiction over the defendants.
In support of this position the Santos memo states that "where a search warrant contains an incorrect address, that warrant is invalid and any evidence seized in that search must be suppressed” (citing People v Cordero, 124 Misc 2d 43 [Sup Ct, Kings County 1984]). This conclusion is incorrect. Cordero describes the standard of sufficiency in describing the target location of a warrant. Quoting Steele v United States No. 1 (267 US 498), the Court noted " 'the description [must be] such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended.’ Particularity of description is required so that the officer executing the warrant can direct himself solely to the target places and persons, limit *428 the search to that which the Judge ordered and protect the privacy of others” (supra, at 45). In Cordero the court held the warrant was sufficient even though the address in the warrant was 2057 South Second Street, and "the place intended” to be searched was 205-7 South Second Street. The court said there was clearly no prospect that the wrong place would be searched given that the street was only 4 or 5 blocks long and even an officer unfamiliar with the location could easily find the right place.
In People v Camme (112 Misc 2d 792 [Sup Ct, Queens County 1982]), the correct address of the premises to be searched was 94-04 Merrick Blvd. The search warrant gave the address as 94-40 Merrick Blvd. But it also provided the name of the place — Jasons II Auto Salvage. The court held that technical errors in a portion of a description of the premises to be searched will not invalidate a search warrant if the premises can be identified with reasonable effort and there is no reasonable probability that a search will be made of premises other than those intended to be searched.
In this case, the search warrant, signed and dated December 2, 1994, described the premises to be searched as "Anny’s Grocery”, 151 West 228th Street, Bronx, N. Y. There is only one such address in all of New York City. By the merest chance the building is officially in New York County rather than in the Bronx. The neighborhood is patrolled by Bronx police officers, the children go to Bronx schools, the residents think they live in the Bronx (Marble Hill), and the Bronx Post Office delivers mail to this building. There is no way that the police, given this name and address, would search an incorrect location.
Therefore the motion to controvert the search warrant is denied.