OPINION OF THE COURT
Andrew Halloran, J.
The indictment in this matter charges the defendant with one count of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), and one count of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03).
*771 By notice of motion and supporting affirmation, dated May 29, 1997, the defendant requests that the court review the Grand Jury minutes for legal sufficiency and requests that the court dismiss the indictment on the grounds that the court lacks geographical jurisdiction. The defendant specifically claims that the alleged criminal activities occurred in Franklin County rather than Essex County and that it is not clear that the alleged criminal activities occurred within 500 yards of Essex County. The defendant submitted a copy of a 1979 United States geological survey map of Saranac Lake in support of his argument, and asserts that the area where the alleged crime occurred, namely "River Street Park”, does not appear to be within 500 yards of Essex County.
At common law, the rule was that a criminal offense must be prosecuted only in the county where the offense was committed. (Matter of Steingut v Gold, 42 NY2d 311, citing Matter of Murtagh v Leibowitz, 303 NY 311; People v Hetenyi, 277 App Div 310, affd 301 NY 757.)
The Court of Appeals also held in Steingut (supra, at 316-317) that: "Geographical jurisdiction to prosecute is a question of fact (see People v Tullo, 34 NY2d 712, 714; People v Hetenyi, 304 NY 80, 84). However, a county’s jurisdiction to prosecute for criminal activity need not be established beyond a reasonable doubt. All that is required is that jurisdiction can be fairly and reasonably inferred from all the facts and circumstances introduced into evidence (see People v Hetenyi, 304 NY 80, 84, supra). Where, as here, however, it is clear that all of the allegedly criminal activity occurred in another county, the jurisdiction of the county seeking to prosecute for that activity must be established before the Grand Jury (see People v Greene, 3 AD2d 768).”
In this case, the indictment alleges that the criminal activity occurred within "500 yards of the boundary of the Town of North Elba, Essex County, New York” and does not allege that any criminal activities occurred in Essex County. This court has reviewed the Grand Jury minutes. No evidence was presented to the Grand Jury that any of the criminal activity occurred in Essex County. It appears, based on the language of the indictment, that the District Attorney must have been aware that the criminal activity occurred in Franklin County rather than Essex County. Since that is the case, the People had the burden of producing evidence before the Grand Jury as to the location of the boundary line between Essex County and Franklin County; the locations of the illegal activities; the *772 distance between such locations; and the terms of á statute which would vest jurisdiction of the alleged crimes in Essex County.
That statute is CPL 20.40 (4) (c) which provides in pertinent part as follows:
"A person may be convicted in an appropriate criminal court of a particular county, of an offense of which the criminal courts of this state have jurisdiction pursuant to section 20.20, committed either by his own conduct or by the conduct of another for which he is legally accountable pursuant to section 20.00 of the penal law, when: * * *
"4. Jurisdiction of such offense is accorded to the courts of such county pursuant to any of the following rules: * * *
"(c) An offense committed within five hundred yards of the boundary of a particular county, and in an adjoining county of this state, may be prosecuted in either such county.”
Under the common-law rule, Essex County would not have geographic jurisdiction over the crimes alleged in the indictment. The People, therefore, had the burden of proving that' the 500-yard rule of CPL 20.40 (4) (c) applied. The People were required to submit evidence of that fact to the Grand Jury.
The Grand Jury minutes do not indicate that the grand jurors were presented with any information that there was even an issue as to geographical jurisdiction. The grand jurors were not presented with maps showing the location of the boundary line between Essex County and Franklin County, or sketches showing the location of the alleged crimes in relation to the boundary, or any evidence at all directly related to the question of geographical jurisdiction.
In People v Kellerman (102 AD2d 629, 630), the Court held that: "Where a defendant challenges geographical jurisdiction before trial, the jurisdiction of the county seeking to prosecute must be established before the Grand Jury (Matter of Steingut v Gold, 42 NY2d 311, 316-317), and such a challenge must fail if the Grand Jury minutes show some evidence from which jurisdiction could be inferred (see People v Chaitin, 94 AD2d 705).”
The People argue in their affirmation in opposition that "[a] review of the Grand Jury minutes will show that there was testimony about the location of the crimes as being the park on River Street along Lake Flower and in the general vicinity of and within view of the St. Bernard School”.
The People also argue that a court may take judicial notice of the fact that the location in question is within 500 yards of *773 the Essex County border from use of a map. (People v Rodriguez, 168 Misc 2d 423.) They also argue that as long as there was some evidence presented to the Grand Jury of the location of the offenses from which jurisdiction in Essex County could be reasonably inferred, the People were not required to explicitly mention the 500-yard rule. (People v Rodriguez, supra, at 426.) This court does not agree with the People’s arguments.
CPL 190.25 (5) provides that the Grand Jury is the exclusive judge of the facts with respect to any matter before it. As long as the evidence is legally sufficient, the weighing of the evidence is the province of the Grand Jury. (People v Jensen, 86 NY2d 248; People v DeRue, 179 AD2d 1027.)
The question of whether Essex County has geographical jurisdiction is a question of fact. However, the Grand Jury must have competent evidence before it from which it can make reasonable and fair inferences before it can make an ultimate finding of fact. And it should be aware that an actual question of fact exists before it makes such finding, especially in circumstances such as those existing in this case.
This court determines that this indictment must be dismissed because the Grand Jury was not charged that it had to make a factual determination that the alleged crimes occurred in Franklin County within 500 yards of the boundary of Essex County, and because no evidence was presented to the Grand Jury as to the location of the boundary line between Essex County and Franklin County. The Grand Jury was not advised that geographical jurisdiction was an issue and did not receive evidence from which it could fairly and reasonably infer that the criminal activity occurred within 500 yards of the boundary of Essex County.
It is, therefore, the decision of this court that both the first and second counts of indictment No. 97-41 should be dismissed with leave to the People to re-present this matter to another Grand Jury.
By reason of the foregoing, it is not necessary to decide the remaining issues raised by defendant and it is hereby ordered that indictment No. 97-41 is herewith dismissed with leave to the People to resubmit this matter to a Grand Jury; and it is further ordered that bail be continued in the amount of $1,000 cash or insurance company bond.