■ Royal Service, L. L. C., et al., Appellants-Respondents, v Village of Monticello, Inc., et al., Respondents, and Alman Monti Taxi Corporation et al., Proposed Intervenors-Respondents-Appellants. [669 NYS2d 410] —Peters, J. Appeal from an order of the Supreme Court (Kane, J.), entered January 17, 1997 in Sullivan County, which, *inter alia*, dismissed plaintiffs' action for a declaratory judgment.

---

Plaintiff Royal Service, L. L. C. sought to operate a car service in the Village of Monticello, Sullivan County. Pursuant to the Code of the Village of Monticello (hereinafter Village Code; Village Code, art 1, § 163 *et seq.*), registration and licensure of all vehicles were required. In an attempt at compliance, Royal applied for four licenses which were ultimately denied since defendants had already issued the maximum number of licenses permitted by the Village Code (*see*, Village Code, art 1, § 163-2).

Undaunted, Royal commenced operation of a car service on November 4, 1996, utilizing both Jeffrey Herzog and John Trksak as its drivers. Herzog and Trksak were subsequently issued appearance tickets for violations of various provisions of the Village Code regarding the licensure and registration of vehicles for hire.[1]

Plaintiffs commenced this action seeking, *inter alia*, a declaration that the aforementioned sections of the Village Code were unconstitutional, thereby supporting their application for a permanent injunction. An order to show cause was further propounded to enjoin the prosecution of Herzog and Trksak pending the determination of the Village Code's constitutionality. Alman Monti Taxi Corporation and Manal Monti Taxi Corporation (hereinafter collectively referred to as the proposed intervenors), owners of 19 of the 21 licenses issued pursuant to the Village Code, sought to intervene (*see*, CPLR 1013), contending that they would be irreparably harmed by a declaration in Royal's favor.

Supreme Court denied plaintiffs' request for injunctive relief, dismissed the complaint without addressing the constitutionality of the Village Code and denied the proposed intervenors' motion as academic. Both plaintiffs and the proposed intervenors appeal.[2]

The determination to grant or deny provisional relief is discretionary with Supreme Court upon its weighing of several factors (*see*, *Doe v Axelrod*, 73 NY2d 748), including the likelihood of success on the merits, the resultant irreparable harm if relief is not granted and whether the balance of the equities tip in favor of the movant (*see*, *id.*). Upon our review of plaintiffs' proffer, we agree with Supreme Court's determination not to grant provisional relief.

---

**1.** Royal had made an unsuccessful attempt to increase the permitted number of licenses under the Village Code prior to its unauthorized operation. The request was renewed and rejected after the issuance of these appearance tickets.

**2.** The appeal is moot as to both Herzog and Trksak because the criminal prosecutions of each have been dismissed.

Unlike *Medical Malpractice Ins. Assn. v Cuomo* (138 AD2d 177, *revd on other grounds* 74 NY2d 651), plaintiffs in the instant action did not seek a prospective stay of the statute that was the object of the declaratory judgment. Instead, they pursued their intended course despite knowledge that licensure and registration were required prior to the operation of their business. As the facts herein cannot support a finding that plaintiffs were entitled to the relief requested (*see, id.*) or that the equities tip in their favor (*see, Amarant v D'Antonio*, 197 AD2d 432), further review is unnecessary.

Moreover, in light of the charge pending against Trksak and Herzog at the time of the motion, Supreme Court properly dismissed the complaint (*see, Kelly's Rental v City of New York*, 44 NY2d 700, 702), thus rendering the motion to intervene academic (*see, Modjeska Sign Studios v Berle*, 55 AD2d 340, 345, *revd on other grounds* 43 NY2d 468).

Mikoll, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.