■ In the Matter of Scott McLaughlin, Petitioner, v Michael C. Eidens, as Judge of the County Court of Schenectady County, et al., Respondents. [740 NYS2d 147] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner in the County Court of Schenectady County on an indictment charging him with, inter alia, driving while intoxicated.

On March 27, 2001, petitioner was charged by a Schenectady County grand jury with three alcohol-related felonies (*see,* Vehicle and Traffic Law § 511 [3] [a] [i]; § 1192 [2], [3]; § 1193 [1] [c] [ii]). Each count of the indictment alleges, among other things, that on or about July 2, 2000, petitioner operated a motor vehicle on Interstate 88 "in the Town of Duanesburg, County of Schenectady." In preparation for trial, a Schenectady County Assistant District Attorney visited the site where petitioner's vehicle allegedly came to rest after striking

construction barriers and leaving Interstate 88, and where petitioner was found asleep in a field adjacent to his vehicle. Prior to the scheduled trial date, respondent Schenectady County District Attorney moved pursuant to CPL 20.40 (4) (c) and 200.70 to amend the geographic component of all three counts of the indictment to accuse petitioner of having committed these crimes "in the Town of Schoharie, in the County of Schoharie within 500 yards of the boundary between Schoharie County, New York and Schenectady County, New York." CPL 20.40 (4) (c) provides that an offense committed within 500 yards of a border between two counties in this state may be prosecuted in either county.

While that motion was pending, petitioner commenced this CPLR article 78 proceeding in this Court (see, CPLR 506 [b] [1]) against the District Attorney and the County Judge of Schenectady County, seeking to prohibit any further prosecution of the indictment and to dismiss the indictment on the ground that the People's motion to amend the indictment reflected that the People did not present evidence to the grand jury that the offenses occurred within 500 yards of the Schenectady County/Schoharie County boundary to establish geographic jurisdiction pursuant to CPL 20.40 (4) (c). The District Attorney disputes this in his answer, and claims that the crimes may have occurred in Schenectady County, obviating the need to rely upon CPL 20.40 (4) (c). By order of this Court, all proceedings have been stayed.

As the courts of this state have repeatedly stated, prohibition is an extraordinary remedy available only "to prevent a judicial or quasi-judicial body or officer from proceeding or threatening to proceed without or in excess of its jurisdiction, and then only if a clear legal right to that relief has been established" (Matter of Haggerty v Himelein, 89 NY2d 431, 435; see, Matter of Whitehurst v Kavanagh, 218 AD2d 366, 368, lv dismissed and denied 88 NY2d 873). While prohibition is an appropriate remedy for a challenge to the geographic jurisdiction of Schenectady County to indict and prosecute (see, Matter of Steingut v Gold, 42 NY2d 311, 315-316) and may lie against a prosecutor and a court (see, Matter of Haggerty v Himelein, supra at 435), a writ of prohibition does not issue as of right but, rather, is a discretionary remedy (see, Matter of Dondi v Jones, 40 NY2d 8, 13; see also, Matter of Rush v Mordue, 68 NY2d 348, 354). In the absence of a showing that petitioner will suffer irreparable harm if relegated to another avenue of judicial review, prohibition ordinarily does not issue where an adequate legal remedy is available, i.e., where the grievance

can be addressed by ordinary proceedings at law or in equity, such as by motion, appeal or other ordinary applications (*see, Matter of Dondi v Jones, supra* at 14; *La Rocca v Lane*, 37 NY2d 575, 579-580, *cert denied* 424 US 968; *see also, Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786; *Matter of Law Offs. of Andrew F. Capoccia v Spitzer*, 270 AD2d 643, 645, *lv denied* 95 NY2d 755). Issuance of a writ is so restricted "to prevent incessant interruption of pending judicial proceedings by those seeking collateral review of adverse determinations made during the course of those proceedings * * * [and] premature appellate review of issues properly reviewable in the regular appellate process" (*Matter of Rush v Mordue, supra* at 353; *see, La Rocca v Lane, supra* at 579).

Petitioner's commencement of the instant special proceeding represents a classic example where issuance of a writ of prohibition would be an inappropriate, premature and unwarranted interference in pending judicial proceedings. While respondent County Judge had denied that portion of petitioner's omnibus motion to dismiss the indictment based upon unspecified claims that the grand jury evidence was insufficient and other unidentified irregularities in the proceedings, petitioner never specifically challenged the geographic jurisdiction of the indictment in that motion or by later motion (*see*, CPL 255.20 [3]), or otherwise addressed the issue to the trial court (*see*, CPL 200.50 [5]; 210.20 [1] [h]; *see also, People v Bickford*, 173 Misc 2d 770). Indeed, the issue was first raised by the prosecutor's still pending motion to amend the indictment which raised, inter alia, factual issues regarding geographic jurisdiction.

Thus, while a defendant may challenge geographical jurisdiction prior to trial, thereby compelling the prosecutor to demonstrate that the jurisdiction of the county to prosecute was sufficiently established before the grand jury (*see, Matter of Steingut v Gold*, 42 NY2d 311, 316-317, *supra; People v Kellerman*, 102 AD2d 629, 630; *People v Bickford, supra* at 771), petitioner never raised this claim before the trial court as a bar to further prosecution on this indictment and the court has not ruled adversely to petitioner on that issue. Consequently, we find that the statutory factors weigh strongly against any discretionary grant of prohibition where petitioner has an adequate remedy available and has failed to pursue or exhaust his statutory remedy of moving to dismiss the indictment on this ground in the court where the indictment is pending and, if necessary, an appeal (*see, Matter of Whitehurst v Kavanagh*, 218 AD2d 366, 368-369, *supra; Matter of Carney v Leary*, 106

AD2d 176, 179; *see, e.g., People v Johnson,* 128 AD2d 915, 916-917, *lv denied* 69 NY2d 1005; *People v Kellerman, supra* at 630; *People v Bickford, supra* at 771; *see also, Matter of Dondi v Jones,* 40 NY2d 8, 13, *supra; La Rocca v Lane,* 37 NY2d 575, 579, *supra; cf., Matter of Pirro v Angiolillo,* 89 NY2d 351, 359).

Mercure, J.P., Crew III, Carpinello and Mugglin, JJ., concur. Adjudged that the petition is dismissed, without costs.