Rose, J.
Appeal from an order of the County Court of Broome County (Smith, J.), entered October 16, 2002, which granted defendant’s motion to dismiss the indictment.
Defendant was indicted on charges of grand larceny in the third degree and multiple counts of offering a false instrument for filing in the first degree as a result of having cashed and retained the proceeds of 11 workers’ compensation checks mistakenly issued to him after he returned to work and he was no longer entitled to receive them. Defendant moved for dismissal of the indictment for lack of criminal jurisdiction on the grounds that none of the relevant conduct occurred in Broome County and the issuer of the checks, Utica National Insurance Group, is located outside Broome County. Finding the evidence presented to the grand jury insufficient to demonstrate that defendant’s conduct had, and was intended to have, a “particu *640 lar effect” upon Broome County (CPL 20.40 [2] [c]), County Court dismissed the indictment. The People appeal.
The relevant portion of CPL 20.40 (2), the “injured forum” section, confers jurisdiction to a county’s courts when the offending conduct “had, or was likely to have, a particular effect upon such county . . ., and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein” (CPL 20.40 [2] [c]). Such conduct has a “particular effect” when it “produces consequences which . . . have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction” (CPL 20.10 [4]).
While conceding that the grand jury evidence did not establish that any of the conduct constituting the elements of the charged crimes occurred in Broome County, the People contend that there is a jurisdictional basis for defendant’s prosecution there because he had been receiving workers’ compensation benefits as an injured employee of Broome County. Although the People now assert that Broome County was self-insured as to workers’ compensation claims and either provided the funds or reimbursed Utica National for the checks cashed by defendant, the only evidence presented to the grand jury on this point was the testimony of the County’s workers’ compensation analyst. When asked in a general way whether Broome County provides the funds for checks issued by Utica National as Broome County’s administrator, the analyst testified, “Yes. It’s funded. We reimburse—we have a fund, they take it out of an account that they set up.” In all other instances when the source of the checks or the funds received by defendant was testified to, the reference was to Utica National or the “insurance company.” Aside from the analyst’s ambiguous statement, there is no grand jury evidence that Broome County ever reimbursed Utica National or suffered any actual loss of funds due to defendant’s conduct.
More significantly, while there is evidence that defendant cashed Utica National’s checks with the intent to defraud Utica National, there is no indication whatsoever that he knew or had reason to know that Broome County was self-insured or otherwise provided the funds paid to him by Utica National. Since the undisputed evidence is that defendant informed Broome County of the termination of his workers’ compensation disability and Broome County then notified Utica National, there is no basis to conclude either that defendant intended to harm the County or that the County was liable for the funds paid out in error by Utica National.
*641 Accordingly, the People failed to prove any “facts and circumstances” from which jurisdiction could be “fairly and reasonably inferred” (Matter of Steingut v Gold, 42 NY2d 311, 316 [1977]; see People v Fea, 47 NY2d 70, 77-78 [1979]), and County Court properly dismissed the indictment for lack of jurisdiction.
Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed.