In the Matter of DAVID BENEKE, Individually and as Trustee of the J. DAVID BENEKE TRUST, Appellant, v TOWN OF SANTA CLARA, Respondent. [780 NYS2d 827]—

Peters, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered December 22, 2003 in Franklin County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, inter alia, prohibit respondent from prosecuting him for an alleged building code violation.

After petitioner tried unsuccessfully to obtain both a permit and variance to build a boathouse on his property, he built a "floating boathouse" off the shore of his property on Upper Saranac Lake, in the Town of Santa Clara, Franklin County. As a result, petitioner received an "order to remedy violation" from respondent's Code Enforcement Officer which directed him to remove the noncomplying boathouse within 30 days. When petitioner failed to comply, he was served with a criminal information and an appearance ticket, directing him to appear in respondent's Town Court; petitioner pleaded not guilty.

While the action was pending in Town Court, petitioner commenced this proceeding to enjoin respondent from prosecuting him. Petitioner also sought a judgment declaring, among other

things, that respondent lacks jurisdiction to prosecute him under either state or local law because the "floating boathouse" was constructed and placed in the navigable waters of Upper Saranac Lake and thus falls within the exclusive jurisdiction of the Navigation Law. Respondent moved to dismiss the action/proceeding, contending that the remedy of prohibition was unavailable, it was barred by the statute of limitations and petitioner's failure to name necessary parties was fatal. Supreme Court dismissed the action/proceeding due to the pending criminal action by finding that the jurisdictional challenges could be properly addressed in that proceeding.

On appeal, petitioner contends that Supreme Court improperly relied upon *Kelly's Rental v City of New York* (44 NY2d 700 [1978]) since it failed to recognize that where, as here, there are no issues of fact and the sole question is one of law, declaratory relief would be appropriate even if a related criminal action is pending. Under the circumstances presented here, we disagree. Although petitioner cites numerous cases in support of his proposition, none of those cases involved a pending criminal action. Moreover, while we agree that *Bunis v Conway* (17 AD2d 207 [1962], *appeal dismissed* 12 NY2d 882 [1963], *lv denied* 12 NY2d 645 [1963]) supports petitioner's assertion that a declaratory judgment "is the appropriate remedy for the determination of a justiciable controversy, where the plaintiff is in doubt as to his legal rights and wishes to avoid the hazard of taking action in advance of the determination of such rights" (*id.* at 208; *compare Hammer v American Kennel Club*, 304 AD2d 74, 82 [2003], *affd* 1 NY3d 294 [2003]), petitioner failed to avail himself of this remedy prior to the commencement of the criminal action (*see Royal Serv. v Village of Monticello*, 247 AD2d 779, 781 [1998]). Since other adequate legal remedies are available (*see Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 148 [1983], *cert denied* 464 US 993 [1983]; *Ithaca Textiles v Waverly Lingerie Sales Co.*, 24 AD2d 133, 134-135 [1965], *affd* 18 NY2d 885 [1966]) either in the context of the pending criminal action or upon its appeal, we find Supreme Court to have properly exercised its discretion when it denied this relief.

Nor do we find error in Supreme Court's refusal to issue an order of prohibition since petitioner failed to sustain a showing of his entitlement thereto. This equitable relief, extraordinary in nature, must be made upon a consideration of numerous factors, which include a showing of a clear legal right to the relief sought and that a judicial or quasijudicial body or officer is " 'proceed[ing] without or in excess of its jurisdiction' " (*Matter of McLaughlin v Eidens*, 292 AD2d 712, 713 [2002], quoting

*Matter of Haggerty v Himelein,* 89 NY2d 431, 435 [1997]). Moreover, "[i]n the absence of a showing that petitioner will suffer irreparable harm if relegated to another avenue of judicial review" (*Matter of McLaughlin v Eidens, supra* at 713), this remedy, like declaratory relief, will not be available where there exists an adequate legal remedy (*see id.* at 713; *Matter of Whitehurst v Kavanagh,* 218 AD2d 366, 368 [1996], *lv dismissed, lv denied* 88 NY2d 873 [1996]). As our findings obviate the need to address any of the other grounds upon which dismissal could have been predicated, our review is complete.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.