THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES ZIMMERMAN, Respondent. [820 NYS2d 266]—

Order, Supreme Court, New York County (James A. Yates, J.), entered on or about August 4, 2005, which dismissed the indictment on the ground of lack of geographical jurisdiction, unanimously affirmed.

The Attorney General commenced an investigation into alleged antitrust violations by department stores in New York. In the course of this investigation, but prior to commencing any civil or criminal action, the Attorney General examined defendant under oath in Cincinnati, Ohio. It is alleged that defendant lied under oath on six occasions during the examination. Thereafter, the Attorney General commenced an investigation before

a New York County grand jury into defendant's alleged perjury and obtained an indictment charging defendant with perjury in the first degree. As part of the charge to the grand jury, the Attorney General read the statutory provisions that govern "particular effect" jurisdiction and venue as set forth in CPL 20.20 (2) (b), 20.10 (4) and 20.40 (2) (c).

The court properly granted defendant's motion to dismiss the indictment for lack of venue in New York County. Although, as defendant concedes, New York *State* has jurisdiction to prosecute him pursuant to CPL 20.20 (2) (b) based on the "particular effect" that his perjury has on the State, New York *County* does not.

Assuming arguendo that defendant committed perjury based upon the statements he made in Ohio during the course of the New York State Attorney General's investigation, the "particular effect" venue provision would only confer geographical jurisdiction upon New York County if "[s]uch conduct had, or was likely to have, a particular effect upon such county or a political subdivision or part thereof, and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein" (CPL 20.40 [2] [c]). Criminal conduct constituting an offense has a "particular effect" upon a county when it "produces consequences which . . . have a materially harmful impact upon the governmental processes or community welfare of [the] particular [county], or result in the defrauding of persons in such [county]" (CPL 20.10 [4]).

Appellant was required to "put before the Grand Jury evidence establishing [New York] county's jurisdiction to proceed" (*see Matter of Steingut v Gold,* 42 NY2d 311, 317 [1977]). Although appellant contends that the grand jury could have inferred from the evidence presented that defendant knew his perjury would have been likely to affect a possible future civil or criminal action in New York County, the evidence did not establish that, at the time *defendant* made his allegedly false statement, *he* was aware of the facts relied upon by appellant for this claim. Instead, all that can be reasonably inferred from the facts is that at the time he made his statements in Ohio, defendant knew his conduct would have a deleterious effect on the governmental or judicial processes of the State of New York, but not on any particular county (*see Matter of Taub v Altman,* 3 NY3d 30 [2004]). Even though the Attorney General maintains one of its principal offices in New York County (the other being in Albany), there is no evidence that defendant knew the Attorney General had chosen to proceed before the courts or grand jury of New York County.

We find it perplexing that under the particular circumstances of this case, where the State of New York has jurisdiction to prosecute defendant, there is no county in the entire state which would serve as an appropriate venue under the current statutory scheme, i.e., there is no one particularly affected county. Where, as here, the alleged conduct is sufficient to confer state jurisdiction over defendant and the proffered evidence is sufficient to establish each and every element of the crime charged, there should be a statute which directs a prosecutor to an appropriate county for venue purposes. We would invite the Legislature to consider amending the statute to accomplish this goal (see Taub, 3 NY3d at 39 [any perceived gap in statute must be filled by Legislature]).

We have considered and rejected appellant's remaining contentions. Concur—Marlow, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.