OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division in each case should be modified in accordance with this memorandum and, as so modified, affirmed.
 

 Defendants are chiropractors, maintaining individual practices in the metropolitan New York area, who allegedly conspired with an attorney named Kramer and his associates to defraud insurance companies by fabricating the injuries and treatment of accident victims. The facts of the scheme are set more fully in
 
 People v Ribowsky
 
 (77 NY2d 284 [decided today]). As a result of this conduct, defendants were convicted of conspiracy in the fifth degree and various counts of falsifying business records.
 

 The trial was held in Kings County and at its conclusion defendants requested the court to submit the questions of venue and the Statute of Limitations to the jury. The requests were denied. On appeal, the Appellate Division modified by reversing defendants’ convictions for conspiracy and, in each case, remitting to Supreme Court for a new trial on that count, holding that the jury should have been instructed on whether the conspiracy charges were barred by the Statute of Limitations
 
 (see, People v Leisner,
 
 73 NY2d 140). The propriety of that ruling is not before us. The Appellate Division also held that the trial court had committed error in failing to
 
 *860
 
 charge the jury on venue but found the error harmless. It affirmed the convictions for falsification of business records.
 

 We agree with the Appellate Division that the failure to charge the jury on venue was error, but we do not consider the error harmless
 
 (cf., People v Ribowsky,
 
 77 NY2d 284,
 
 supra).
 

 The failure to submit the question of venue to the jury may be harmless where it appears from the verdict that the jury necessarily found that an overt act occurred in the county asserting jurisdiction. It is not enough that the record contains evidence of such conduct: it must appear from the instructions or, in the absence of instructions on the subject, by necessary implication from the verdicts that the jury made a finding that venue was proper
 
 (People v Ribowsky, supra).
 
 The error cannot be held harmless here because defendants contested the evidence supporting venue and there is nothing in the jury’s verdict from which it may be concluded that the jury decided the question against them. The agreement was not entered into in Kings County and none of the substantive crimes of falsifying business records occurred there.
 

 In order to sustain jurisdiction over the conspiracy and substantive charges against defendants, the People were required to prove by a preponderance of the evidence the commission of an overt act in Kings County by a member of the conspiracy with whom defendant had agreed to engage in criminal conduct
 
 (see,
 
 Penal Law § 105.25 [1]; CPL 20.40 [1] [b];
 
 People v Ribowsky,
 
 77 NY2d 284,
 
 supra; see also, People v Moore,
 
 46 NY2d 1;
 
 People v Hetenyi,
 
 277 App Div 310,
 
 affd
 
 301 NY 757;
 
 People v Hetenyi,
 
 304 NY 80). The indictment alleged 100 overt acts, seven of them committed within Kings County, by defendants’ coconspirators. At trial, there was evidence at most of only one of these seven specified acts. Although the People also presented evidence of other unspecified overt acts occurring in Kings County to support jurisdiction, the bulk of the People’s evidence admittedly involved conduct occurring elsewhere and it is impossible to determine on the record which acts the jury relied on to support its conviction on the conspiracy charge. Under these circumstances, the court’s failure to submit the question of venue to the jury cannot be deemed harmless.
 

 The substantive crimes alleged against defendants were committed outside of Kings County and jurisdiction over those charges was predicated on the statutory exception prevailing
 
 *861
 
 in cases of conspiracy
 
 (see,
 
 CPL 20.40 [1] [b]). We agree with defendants that reversal of the conspiracy charge also requires reversal of the substantive crimes because there remains no jurisdictional predicate for these charges in the absence of a finding of proper venue by the jury on the conspiracy charge. Thus, in addition to the new trial ordered by the Appellate Division as to the conspiracy count, there must be a new trial in each case on the falsifying business records counts.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 In each case: Order modified in accordance with the memorandum herein and, as so modified, affirmed.