SECOND DEPARTMENT, SEPTEMBER, 2003

(September 2, 2003)

■ In the Matter of JOHN FARACI et al., Petitioners, v NEIL J. FIRETOG, as Justice of the Supreme Court of the State of New York, et al., Respondents. [764 NYS2d 188] —Proceeding pursuant to CPLR article 78 in the nature of a writ of prohibition to bar the trial of the petitioners on counts 25 through 31 of Kings County Indictment No. 6467/01, on the ground that the Supreme Court, Kings County, lacks geographical jurisdiction.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petitioners, an auto parts dealer and dismantler based in the County of Nassau and its operators, were charged under Kings County Indictment No. 6467/01 with, inter alia, conspiracy in the fifth degree, in that they allegedly conspired with their codefendants to commit the crime of falsifying business records in the first degree. The conspirators, inter alia, allegedly bought and sold stolen automobile parts and failed to keep accurate records of those transactions as required by the New York State Department of Motor Vehicles. The petitioners were also charged with seven counts of falsifying business records in the first degree, in that they allegedly failed to make true entries in their business records of the sales of particular auto parts as required by law "for the purpose of concealing the crime of Criminal Possession of Stolen Property." The petitioners commenced the instant proceeding to bar their prosecution on the counts of falsifying business records in the first degree

on the ground that no element of those crimes was committed in the County of Kings (hereinafter Kings County) (*see* CPL 20.40 [1] [a]).

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]; *Matter of Wright v Greenberg,* 296 AD2d 463, 463-464 [2002]). The petitioners failed to demonstrate a clear legal right to the relief sought.

The petitioners do not dispute that Kings County has jurisdiction over the conspiracy count in the indictment based on the commission of overt acts in that county in furtherance of the conspiracy. The indictment alleged that the stolen automobile parts were distributed to the petitioners from a location in Kings County and the People asserted that court-ordered wiretaps revealed telephone conversations between the petitioners and the Kings County location, which constituted overt acts in furtherance of the conspiracy in Kings County (*see People v Giordano,* 87 NY2d 441 [1995]; CPL 20.60 [1]). As Kings County has geographical jurisdiction over the conspiracy count, it also has geographical jurisdiction over the substantive crimes which were the object of that conspiracy, regardless of whether the elements of those crimes were committed in Kings County (*see People v Giordano, supra;* CPL 20.40 [1] [b]; *see also People v Sosnik,* 77 NY2d 858 [1991]).

In light of our determination, we do not reach the People's contention that Kings County also has geographical jurisdiction pursuant to CPL 20.40 (2) (c). Altman, J.P., Adams, Cozier and Mastro, JJ., concur.