People v Barthelmas (2021 NY Slip Op 00338)





People v Barthelmas


2021 NY Slip Op 00338


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

110705

[*1]The People of the State of New York, Respondent,
v
Elizabeth M. Barthelmas, Appellant.

Calendar Date: January 4, 2021

Before: Lynch, J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered September 5, 2018, convicting defendant upon her plea of guilty of the crime of rape in the first degree.
Defendant, a former elementary school teacher, waived indictment and agreed to be prosecuted by a superior court information charging her with one count of rape in the first degree. The charges stemmed from defendant engaging in sexual intercourse with her 10-year-old student in 2007. In full satisfaction of the superior court information, as well as other pending and potential charges, defendant agreed to plead guilty to one count of rape in the first degree. The plea agreement, which required defendant to waive her right to appeal, contemplated that defendant would be sentenced to a determinate term of imprisonment ranging from 10 to 15 years followed by a period of postrelease supervision ranging from 5 to 20 years — with the precise terms left to the discretion of County Court at the time of sentencing. Following defendant's guilty plea, County Court sentenced defendant to a prison term of 15 years followed by 20 years of postrelease supervision. This appeal ensued.
We affirm. The People concede that defendant's waiver of the right to appeal is invalid under People v Thomas (34 NY3d 545 [2019]), and County Court's terse oral colloquy with defendant falls short of demonstrating that defendant "understood the distinction that some appellate rights survived" (id. at 561; see People v Brunson, 185 AD3d 1300, 1300 n [2020], lv denied 36 NY3d 928 [2020]; People v Martin, 179 AD3d 1385, 1386 [2020]). As such, defendant's challenge to the sentence imposed by County Court is not precluded (see People v Gonzalez, 186 AD3d 1832, 1832 [2020]). In this regard, although defendant expressed remorse for her actions and has no prior criminal history, the fact remains that she abused a position of trust by engaging in sexual intercourse with a young child — a child who defendant herself acknowledged "seemed to be down on himself as if he could do nothing right." As the record reflects that defendant first befriended and then betrayed the victim, we discern no extraordinary circumstances or abuse of discretion "warranting a reduction of the sentence, which was within the agreed-upon range, in the interest of justice" (People v Tomko, 185 AD3d 1356, 1357 [2020], lv denied 35 NY3d 1116 [2020]; see generally People v McCann, 100 AD3d 1150, 1151 [2012]).
Lynch, J.P., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.