People v Velazquez (2021 NY Slip Op 03078)





People v Velazquez


2021 NY Slip Op 03078


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

110430
[*1]The People of the State of New York, Respondent,
v
David Velazquez, Appellant.

Calendar Date:March 17, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Kathy Manley, Selkirk, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered June 30, 2017, convicting defendant upon his plea of guilty of the crimes of conspiracy in the second degree, criminal sale of a controlled substance in the second degree (two counts), criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree.
In 2016, following an investigation into narcotics trafficking in Sullivan and Orange Counties, defendant was indicted on the charges of conspiracy in the second degree (two counts), conspiracy in the fourth degree, criminal sale of a controlled substance in the third degree (three counts), criminal sale of a controlled substance in the second degree (six counts), criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, criminal possession of marihuana in the fourth degree, criminally using drug paraphernalia in the second degree (three counts) and criminal possession of a weapon in the second degree. Defendant thereafter entered into a plea agreement in which he agreed to plead guilty to six counts of the indictment — namely, one count of conspiracy in the second degree, two counts of criminal sale of a controlled substance in the second degree, one count of criminal possession of a controlled substance in the first degree, one count of criminal possession of a controlled substance in the second degree and one count of criminal possession of a weapon in the second degree — and waive his right to appeal in exchange for an aggregate prison term of 13 years, followed by five years of postrelease supervision.[FN1] County Court sentenced defendant in accordance with the terms of the plea agreement, and defendant appeals.
Initially, defendant argues, and the People concede, that his combined oral and written waiver of appeal was overbroad and consequently invalid (see People v Thomas, 34 NY3d 545, 557-559 [2019]; People v Deming, 190 AD3d 1193, 1194 [2021]; People v Barthelmas, 190 AD3d 1160, 1160 [2021]). Defendant also challenges County Court's geographical jurisdiction over his conviction for criminal possession of a weapon in the second degree, arguing that the weapon was discovered in his home in Orange County and that comments he made during the allocution negated any jurisdictional predicate that may have existed. A defendant does not waive appellate review of geographical jurisdiction by pleading guilty, "but since a guilty plea cuts off the People's opportunity to prove geographical jurisdiction at trial, a conviction should be reversed only where it affirmatively appears that geographical jurisdiction could not have existed" (People v Kellerman, 102 AD2d 629, 631 [1984]). Here, because one or more of the overt acts committed in furtherance of the conspiracy occurred in Sullivan County (see Penal Law § 105.[*2]25 [1]; People v Sosnik, 77 NY2d 858, 860 [1991]), Sullivan County had geographical jurisdiction over the conspiracy count, as well as the object/component crimes of the conspiracy, including criminal possession of a weapon in the second degree, regardless of whether they took place in Sullivan County (see CPL 20.40 [1] [b]; Matter of Faraci v Firetog, 308 AD2d 423, 424 [2003], lv denied 100 NY2d 516 [2003]; People v Manfredi, 166 AD2d 460, 464 [1990], lv denied 76 NY2d 1022 [1990]). Defendant acknowledged during the plea allocution that one of his coconspirators sold him the weapon and that it was hidden with money and drugs in a wall in his home. Contrary to defendant's contention, his assertions that he obtained the weapon prior to entering into the conspiracy and that he could not easily access it if someone broke into his home did not affirmatively demonstrate that his possession of the weapon was not in furtherance of the conspiracy. As such, we reject defendant's claim that Sullivan County did not have geographical jurisdiction over the charge of criminal possession of a weapon in the second degree (see CPL 20.40 [1] [b]; Penal Law § 105.25 [1]).
Defendant failed to preserve his contention that his guilty plea was coerced or his challenge to the factual sufficiency of his allocation to criminal possession of a weapon in the second degree, as the record does not reflect that he made an appropriate postallocution motion, despite having an opportunity to do so prior to sentencing (see People v Scharborough, 189 AD3d 1964, 1965 [2020]; People v Cook, 150 AD3d 1543, 1544 [2017]). Further, the narrow exception to the preservation requirement is inapplicable, as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or otherwise called the voluntariness of his plea into question (see People v Lopez, 71 NY2d 662, 666 [1988]; People v King, 166 AD3d 1236, 1237 [2018]). With respect to defendant's claim that his allocution failed to establish the operability element of criminal possession of a weapon in the second degree (see People v Longshore, 86 NY2d 851, 852 [1995]), "we note that the exception to the preservation rule applies only where a recitation of facts casts significant doubt on a defendant's guilt and, not, as here, where 'the sufficiency of the articulation of the element is challenged'" (People v Martinez-Velazquez, 89 AD3d 1318, 1319 [2011], quoting People v Vonderchek, 245 AD2d 979, 980 [1997], lv denied 91 NY2d 945 [1998]; accord People v Teele, 92 AD3d 972, 972 [2012]). Moreover, contrary to defendant's contention, knowledge of the weapon's operability is not an element of criminal possession of a weapon in the second degree (see People v Parrilla, 27 NY3d 400, 405 [2016]; People v Saunders, 85 NY2d 339, 341-342 [1995]).
To the extent that we have not addressed any of defendant's remaining contentions, they have been reviewed and found to be without merit.
Egan Jr., J.P., Lynch, Pritzker [*3]and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant also agreed to forfeit roughly $65,000, as well as certain assets.