23-6647-pr
*Whitehead v. LaManna*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of December, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges.*

---

NORMAN WHITEHEAD,

> *Petitioner-Appellee,*

v.                                                                          23-6647-pr

JAIME LAMANNA,

> *Respondent-Appellant.*

---

FOR PETITIONER-APPELLEE:          RICHARD D. WILLSTATTER, Green & Willstatter, White Plains, New York.

FOR RESPONDENT-APPELLANT:          IRA M. FEINBERG, Deputy Solicitor General for Criminal Matters (Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, and Michelle Maerov, Senior Assistant Attorney General of Counsel, *on the brief*), *for* Letitia James, Attorney General of the State of New

York, New York, New York.

Appeal from a judgment and order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on May 19, 2023, and the order, entered on July 7, 2023, are **REVERSED**.

Respondent-Appellant Jaime LaManna ("Respondent") appeals from the district court's judgment granting Petitioner-Appellee Norman Whitehead Jr.'s ("Whitehead") petition for a writ of habeas corpus and from its order denying Respondent's motion for reconsideration of that judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## BACKGROUND

In June 2011, a grand jury in Albany County, New York charged Whitehead with, as relevant here, one count of conspiracy (Count 1), four counts of criminal possession of a controlled substance (Counts 225–26 and 228–29), and one count of criminal sale of a controlled substance (Count 227). Count 1 of the indictment alleged that Whitehead and thirty-six other individuals conspired to possess and sell cocaine in Albany County and elsewhere in the State of New York. Counts 225–29 alleged that Whitehead possessed and sold cocaine, on February 27, 2011, in Schenectady County.[1] After a jury trial, Whitehead was convicted on Counts 1 and 225–29, and those convictions were affirmed on appeal.[2] *See People v. Whitehead*, 130 A.D.3d 1142, 1143–45 (3d Dep't 2015), *aff'd*, 29 N.Y.3d 956 (2017).

---

[1] The indictment was amended mid-trial to reflect that Counts 227–29 were committed in Orange County rather than Schenectady County.

[2] The Appellate Division reversed Whitehead's convictions on two additional counts of criminal sale of a

2

In 2018, Whitehead filed a petition for a writ of error *coram nobis* with the Appellate Division, arguing that his trial counsel was ineffective for not filing a pre-trial motion to dismiss Counts 225–29 for lack of venue and that his appellate counsel was ineffective for not raising this issue on appeal. Whitehead contended that Albany County lacked venue over Counts 225–29 because those substantive narcotics offenses took place in Schenectady or Orange County and the indictment did not allege that the conduct underlying those offenses had a "particular effect" on Albany County under N.Y. Crim. Proc. Law § 20.40(2)(c). The Appellate Division denied his request for *coram nobis* relief without issuing an opinion. Thereafter, Whitehead filed a petition for a writ of habeas corpus in the federal district court, reasserting his claim of ineffective assistance based on both his trial and appellate counsels' failure to challenge particular effect venue over Counts 225–29. In a May 2023 decision and order, the district court agreed and concluded that the indictment did not plead particular effect venue, and that "there was a reasonable probability that, but for appellate counsel's error—in this case, the failure to argue that trial counsel was ineffective for failing to raise the glaringly apparent argument concerning the indictment's defective counts—Petitioner's outcome would have been different." *Whitehead v. LaManna*, No. 18-CV-1436 (LEK/TWD), 2023 WL 3588155, at \*16 (N.D.N.Y. May 19, 2023) ("*Whitehead I*"). The district court thus granted Whitehead's petition and vacated his convictions on Counts 225–29. *Id.* at \*17.

In a motion for reconsideration, Respondent argued for the first time in the district court that "[a] motion to dismiss for failure to allege particular effect venue in Albany County would have failed because venue [for the substantive counts] was properly pleaded in this multicounty

controlled substance (Counts 244–45), which are not at issue here, because they were not supported by the weight of the evidence. *Whitehead*, 130 A.D.3d at 1143–44.

3

drug conspiracy indictment under a separate theory." Joint App'x at 170. More specifically, Respondent asserted that, "[u]nder [N.Y. Crim Proc. Law § 20.40(1)(b)], in cases where a conspiracy is established in the forum county, crimes committed outside the forum county as part of the conspiracy may be charged in the forum county." *Id*. In a July 2023 decision and order, the district court denied the motion for reconsideration. *See generally Whitehead v. LaManna*, No. 18-CV-1436 (LEK/TWD), 2023 WL 9507374 (N.D.N.Y. July 7, 2023) ("*Whitehead II*"). In doing so, the district court did not consider the merits of Respondent's new venue argument, but rather deemed that argument waived. *Id*. at *3. This appeal followed.

## DISCUSSION

We review a district court's grant of a petition for habeas corpus *de novo*, and its underlying findings of fact for clear error. *See Cardoza v. Rock*, 731 F.3d 169, 177 (2d Cir. 2013). To prevail on a claim for ineffective assistance of counsel, a defendant must satisfy the two-pronged test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a "defendant must show that counsel's representation fell below an objective standard of reasonableness," as evaluated "under prevailing professional norms." *Id*. at 688. Second, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (codified at 28 U.S.C. § 2254), this Court's review of the state court's adjudication of Whitehead's ineffective assistance claim is "highly deferential." *Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003). Specifically, "under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision

4

applied *Strickland* incorrectly. Rather, [a petitioner seeking habeas relief] must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).

Together, *Strickland* and AEDPA create a "doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (internal quotation marks and citation omitted). "[T]o obtain § 2254 relief, a petitioner must show 'that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Englert v. Lowerre*, 115 F.4th 69, 80 (2d Cir. 2024) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, we will not grant a § 2254 petition "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). We apply that doubly deferential standard here.

## I. Waiver

As a threshold matter, Respondent challenges the district court's refusal to consider whether venue as to the substantive counts at issue was proper based on the charged conspiracy. In particular, the district court "decline[d] to consider" that argument because Respondent had not raised it prior to the motion for reconsideration and, thus, had waived it. *Whitehead II*, 2023 WL 9507374, at *3.

We review for abuse of discretion a district court's determination that an argument has been waived. *Brown v. City of New York*, 862 F.3d 182, 187 (2d Cir. 2017). As the district court noted, because of the deference we show to state courts in the context of habeas petitions, federal courts are required to "consider[] every argument that respondent has offered and the ones the

Court could hypothesize" before granting habeas relief. *Whitehead I,* 2023 WL 3588155, at *16 (alteration adopted) (quoting *Lynch v. Dolce*, 789 F.3d 303, 319 (2d Cir. 2015)); *see Lynch*, 789 F.3d at 319 (explaining that, where the state court denied a *coram nobis* petition without opinion, "we must still defer to its decision, and deny relief if there is any reasonable basis on which it can be found consistent with the governing precedent").

Here, the district court rejected Respondent's argument that the indictment properly alleged particular effect jurisdiction for venue purposes and granted habeas relief because Whitehead's appellate counsel failed to argue that trial counsel was ineffective for failing to raise that the indictment did not properly allege that theory of venue. *Whitehead I*, 2023 WL 3588155, at *16. However, in its effort to search for *any* hypothetical argument that might support the Appellate Division's rejection of Whitehead's venue argument and related ineffective assistance claim, as required under *Lynch*, the district court apparently did not identify or consider on its own that venue on the substantive counts was proper due to the conspiracy charge and thus Whitehead suffered no prejudice by his appellate counsel's failure to raise the venue issue. In the reconsideration motion, Respondent explained that venue on the disputed counts need not be based on charging and proving that the alleged conduct in those counts had a particular effect on the forum county under N.Y. Crim Proc. Law § 20.40(2)(c); rather, the indictment was properly charged and tried on a different venue theory under N.Y. Crim Proc. Law § 20.40(1)(b), which relied upon Whitehead's commission of these substantive crimes in furtherance of the charged drug-trafficking conspiracy that operated in Albany County. When Respondent brought that new ground for denying the petition to the district court's attention in the reconsideration motion, the district court abused its discretion in declining to consider it, especially where, as discussed below, that argument had clear merit and should have altered the conclusion reached by the district court

with respect to the ineffective assistance of counsel claim. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

## II.    Venue Challenge

Having considered separately whether venue existed on the substantive counts under N.Y. Crim Proc. Law § 20.40(1)(b) based on the charged conspiracy, we conclude that Whitehead suffered no prejudice from his appellate counsel's failure to raise trial counsel's alleged ineffectiveness for failing to raise the venue issue because, even assuming *arguendo* that the first prong of *Strickland* was met, any venue challenge on the substantive counts had no reasonable probability of success at trial or on appeal as such venue was properly based on the charged conspiracy. *See Harrington v. United States,* 689 F.3d 124, 130 (2d Cir. 2012) ("[A] petitioner cannot show prejudice if the claim or objection that an attorney failed to pursue lacks merit.").

"Where a defendant challenges geographical jurisdiction before trial, the jurisdiction of the county seeking to prosecute must be established before the Grand Jury, and such a challenge must fail if the Grand Jury minutes show some evidence from which jurisdiction could be inferred." *People v. Kellerman*, 102 A.D.2d 629, 630 (3d Dep't 1984). "All that is required is that jurisdiction can be fairly and reasonably inferred from all the facts and circumstances introduced into evidence." *Steingut v. Gold*, 42 N.Y.2d 311, 316 (1977); *see also People v. Seifert*, 113 A.D.2d 80, 83 (4th Dep't 1985) (considering multiple bases for venue and noting that "the evidence adduced before the Grand Jury [need only] permit[] a fair and reasonable inference" of jurisdiction under one of the theories advanced by the prosecution).

7

Under New York law, a conspiracy "may be prosecuted in the county in which [the] defendant entered into the conspiracy or any county in which an overt act in furtherance of the conspiracy was committed by [the] defendant or one of the coconspirators." *People v. Ribowsky*, 77 N.Y.2d 284, 292 (1991). An overt act need not be alleged as such in the indictment in order to confer geographical jurisdiction over the charged conspiracy. *See id*. at 292, 294 (rejecting defendant's argument that "the perjury charges cannot be used to sustain jurisdiction because those charges were not alleged as overt acts in the conspiracy indictment," and explaining that "inasmuch as concealment was important to the insurance scheme and helped to define its nature and scope, defendant had sufficient notice that [the perjury charges] would be part of the conspiracy case, and would constitute overt acts upon which jurisdiction could be predicated"); *see also People v. Giordano*, 87 N.Y.2d 441, 452 (1995) (holding that a co-conspirator's phone calls from Nassau County were "overt acts, whether pleaded as such or not," which "established a jurisdictional predicate for . . . [the] conspiracy to promote gambling [charge]").

Moreover, if a county has "geographical jurisdiction over the conspiracy"—because, for example, "one or more of the overt acts committed in furtherance of the conspiracy occurred [there]"—that county also has jurisdiction over "the object/component crimes of the conspiracy . . . , regardless of [where] they took place." *People v. Velazquez*, 194 A.D.3d 1181, 1182 (3d Dep't 2021); *see also Faraci v. Firetog*, 308 A.D.2d 423, 424 (2d Dep't 2003) ("As Kings County has geographical jurisdiction over the conspiracy count, it also has geographical jurisdiction over the substantive crimes which were the object of that conspiracy, regardless of whether the elements of those crimes were committed in Kings County."); *People v. Manfredi*, 166 A.D.2d 460, 464 (2d Dep't 1990) ("Most of the overt acts committed by the conspirators took place [in Kings County], with the result that Kings County had jurisdiction over the conspiracy as a whole as well as over

8

its component object crimes, including those of the defendant which were committed largely in the Bronx.").

Here, any effort to seek dismissal of the indictment prior to trial on venue grounds would have undoubtedly been rejected and, thus, no prejudice can be demonstrated by appellate counsel's failure to raise the venue issue on appeal, including in a claim alleging ineffective assistance of trial counsel for failure to raise or preserve the issue. Whitehead does not dispute that Albany County has geographical jurisdiction over the charged drug-trafficking conspiracy. Nor does he contest that Counts 225–26, charging him with possessing cocaine in Schenectady County, furthered an object of that conspiracy. *See* Appellee's Br. at 40 (conceding that an object of the charged conspiracy was "to redistribute [cocaine] in the Capital Region" and that "[i]ndisputably, Schenectady is in New York's Capital Region"). Instead, Whitehead argues that the conspiracy could not sustain jurisdiction over Counts 225–29 because the indictment "did not *allege* the errant counts were objects of the conspiracy . . . [or] were committed as part of the conspiracy." *Id*. at 42 (emphasis added). However, no New York case authority supports this position. Indeed, as noted *supra*, the New York Court of Appeals has held that an overt act need not be specifically alleged in the indictment even to confer geographical jurisdiction over the entire charged conspiracy, *see Ribowsky*, 77 N.Y.2d at 292, and there is no case authority to suggest that New York courts have imposed, or would impose, a requirement that each substantive count specifically allege that it is an object of the charged conspiracy in order for that conspiracy to provide the basis for jurisdiction over those substantive counts.

Thus, if Whitehead had moved pre-trial to dismiss Counts 225–29 for lack of venue, the trial court would have needed to find only that the grand jury was presented with "some evidence from which jurisdiction could be inferred" with respect to the conspiracy in order to find

9

geographical jurisdiction over the disputed counts. *Kellerman*, 102 A.D.2d at 630. In fact, the indictment specifically alleged that one of the alleged overt acts in furtherance of the charged conspiracy was Whitehead's February 27, 2011 purchase of 480 grams of cocaine from a co-defendant for redistribution in the Capital Region, which was the basis of three of the five substantive counts at issue here (Counts 227 through 229). The remaining two substantive counts (Counts 225 and 226) charged Whitehead with possessing cocaine in Schenectady County that he intended to sell, via co-conspirator Carl Goodson, to an Albany County resident, co-conspirator Karashan Mansaray, who dealt drugs out of an Albany stash house. That alleged conduct was tied to the conspiracy count, which broadly alleged that Whitehead sold cocaine to Goodson, Mansaray, and others for resale, and had engaged in other acts that furthered the conspiracy in Albany County. In short, because there is no dispute that Albany County had geographical jurisdiction over the conspiracy and that the substantive counts were tied to that conspiracy, any pre-trial motion to dismiss Counts 225–29 on venue grounds would have failed. *See Faraci*, 308 A.D.2d at 424 (rejecting pre-trial challenge to geographical jurisdiction over falsifying business records charges because there was "no[] dispute that Kings County has jurisdiction over the conspiracy [to falsify business records] count in the indictment based on the commission of overt acts in that county").

The lack of prejudice is further supported by the fact that Whitehead's co-defendant, Kenneth Williams, made a pre-trial motion to dismiss the indictment on venue grounds, which was denied. Williams was also charged with the same conspiracy, *see* Suppl. App'x at 3–4 (Count 1), and four substantive counts of possessing or selling cocaine, *see id.* at 99–102 (Counts 223, 227–29). Before trial, Williams moved to dismiss Counts 223 and 227–29 for lack of venue, arguing that none of those counts contained allegations that Williams "performed any acts in Albany

10

County, which would sustain jurisdiction on Albany County." *Williams v. Collins*, No. 22-cv-1405 (N.D.N.Y. Dec. 29, 2022), ECF No. 16-8, at 123, ¶ 18. The trial court denied Williams's motion, concluding that, even though the substantive counts "are alleged to have occurred in either New York or Orange counties, venue here is based on the conspiracy . . . and therefore venue is proper in the county in which the conspiracy was entered into or any county in which an overt act by defendant or a coconspirator occurred." *Id*. at 130–31.

Any venue challenge at trial would have been similarly unsuccessful because the jury was properly instructed on that theory of venue and made a finding of venue, in accordance with the instruction, that was supported by the trial evidence. "In order to sustain jurisdiction over the conspiracy and substantive charges against defendants, the People were required to prove by a preponderance of the evidence the commission of an overt act in [Albany] County by a member of the conspiracy with whom defendant had agreed to engage in criminal conduct." *People v. Sosnik*, 77 N.Y.2d 858, 860 (1991). Here, at Whitehead's request, the trial court instructed the jury that "before [they] begin [their] deliberations on whether the People have proven the defendants' guilt beyond a reasonable doubt of each crime charged in this indictment [they] must first determine whether the County of Albany is the proper venue or place to prosecute those crimes." *Whitehead v. LaManna,* No. 18-cv-1436 (N.D.N.Y. Dec. 12, 2018), ECF No. 7-9, at 24. The court further instructed the jury that:

> [A] person may be convicted in this county of an offense committed by that person's own conduct or by the conduct of another with whom he was acting in concert when such conduct occurred within this county sufficient to establish . . . a conspiracy to commit such offense.
>
> [I]n order for you to find the defendant guilty of this [conspiracy] the People are required to prove from all the evidence in the case beyond a reasonable doubt . . . [t]hat the defendant or one of the persons with whom he agreed to engage in or cause the performance of such conduct committed at least one overt act in Albany County in furtherance of the conspiracy.

11

*Id*. at 24, 33–34.   The jury found venue was proper, and returned a verdict of guilty on all counts. Indeed, Whitehead does not argue that there was any error in the venue instruction, nor does he assert that the jury's finding on venue lacked sufficient evidentiary support.

In sum, on this record, Whitehead's appellate counsel would not have prevailed on a claim that trial counsel was ineffective for failing to move to dismiss Counts 225–29 for lack of "particular effect" venue under N.Y. Crim Proc. Law § 20.40(2)(c).   Venue on those counts was based on the charged conspiracy under N.Y. Crim Proc. Law § 20.40(1)(b), and there was no defect in the indictment under that venue theory, which was subsequently found to be proven by the jury as to each count based on a proper venue instruction under New York law.   Thus, because the New York State courts did not unreasonably apply *Strickland* in rejecting the ineffective assistance claim, the district court erred in granting the habeas petition and abused its discretion in denying the reconsideration motion on the ground of waiver.

*                              *                              *

We have considered Whitehead's remaining arguments and find them to be without merit. Accordingly, we **REVERSE** the judgment and order of the district court, and the case is remanded to the district court with instructions that it enter an order denying Whitehead's petition for habeas corpus.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12